GEORGE HALL v. THE PEOPLE.

*Information for statutory offense—Withdrawing of counts.*

An information for feloniously breaking and entering a store not adjoining a dwelling house, with intent to steal the chattels therein found, does not charge any offense known to the law.

An information for a statutory offense must identify and distinguish it from every other, and set forth specifically its statutory components.

A prisoner having been once in jeopardy upon a count which has been withdrawn by the judge at the trial, cannot afterward be held upon it.

An information alleging a breaking and entry of a store not occupied with a dwelling, but not stating whether it was done either in the night time or in the day time, does not allege any offense under Michigan laws.

Error to St. Clair. Submitted April 21. Decided April 28.

INFORMATION for breaking into a building with intent to steal. Respondent was convicted below.

*Avery Brothers* and *Thomas A. E. Weadock* for plaintiff in error. An information for a statutory crime is fatally defective if it does not allege every essential constituent of it, *Enders v. People* 20 Mich. 239; *State v. Philbrick* 31 Me. 401; *Markle v. State* 3 Ind. 535; *Lambert v. People* 9 Cow. 578; *Lewis v. State* 16 Conn. 32; Tiff. Cr. Law 622-3; 1 Archb. Cr. Pl. 265; 2 Bish. Cr. Pro. 103; Bish. on Stat. Crimes 331.

*Elliott G. Stevenson,* prosecuting attorney, for the people. Breaking into a building by night and by day are different degrees of the same offense, *Hanna v. People* 19 Mich. 322; *Waters v. State* 53 Ga. 567; 1 Am. Crim. Cas. 367; and a person charged with the greater offense may properly be convicted of the smaller, *Campbell v. People* 34 Mich. 351.

GRAVES, J. The information against the plaintiff in

error charged that "on the 16th day of November, A. D. 1878, at the township of St. Clair, in the county of St. Clair aforesaid, the store of Madison Phenix, there situate, not adjoining to or occupied with a dwelling-house, feloniously did break and enter, with intent the goods and chattels of the said Madison Phenix, in the store then and there being found, then and there feloniously and burglariously to steal, take, and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan." There was a second count charging larceny of property of the value of $120. The evidence was directed mainly to make out the first charge, and there was no proof of value. The circuit judge submitted the case on the first count and withdrew the count for larceny altogether. The jury found the plaintiff in error "guilty of burglary *only*, in manner and form as the said people have in their information in this cause charged," and the court then sentenced him to the State's prison at hard labor for three years.

It is alleged for error that the accusation on which the jury found and the court imposed the sentence describes no offense whatever, and we think the position is true. The pleader no doubt intended to charge some one of the statutory offenses partaking of the common law crime of burglary. He failed however to include the necessary constituents of either of them. The Legislature has seen fit to enact of what they shall consist, and the presence of all the required components is necessary to mark the presence of the offense. No general description will answer. The crime laid must be so described as to identify it and distinguish it from every other. Here the breaking and entry are not charged as having been done in the night time, and hence no crime is alleged under Comp. L., § 7563. They are not alleged to have been effected in the day-time, and consequently no offense is set up under section 14 of Act 93 of the laws of 1875 (Pub. Acts 1875, p. 131). No charge of larceny is included.

The accusation is not put forth as one of a substantive

offense formed of an attempt to commit larceny, and does not contain the matter necessary in preferring such a charge.

There are no other provisions to which the proceeding can be referred. There is no occasion to look into the decisions made in other States. The doctrine is settled by our own cases. *Koster v. People* 8 Mich. 431; *People v. Chappell* 27 Mich. 486; *People v. Olmstead* 30 Mich. 431; *Byrnes v. People* 37 Mich. 515.

The judgment was erroneous and must be reversed; and as plaintiff in error has been once in jeopardy on the charge of larceny, he must be discharged.

The other Justices concurred.