THE PEOPLE v. THOMAS HANIFAN.

*Criminal law—Preliminary proceedings—Waiver—Conduct of prosecutor—Evidence.*

1. Assignments of error based on the refusal of the court to charge the jury, at the request of the respondent, that it does not appear that the arrest was made on a legal warrant, or that the respondent was arraigned upon any legal process, involve questions which should have been raised before pleading to the information, and will not be considered.

2. A prosecuting attorney cannot be said to have expressed an opinion as to the guilt of a respondent charged with larceny, by stating to the jury that if they believe the testimony of certain witnesses, corroborated by the facts as they are found concerning the stolen property, he thinks they would be justified in convicting the respondent, if they have no reasonable doubt about it.

3. Where, on the trial of a respondent for larceny, his counsel show on the cross-examination of one of the people's witnesses that the witness had some trouble with the respondent subsequent to the alleged larceny, and that he would like to get even with the respondent, it is proper to permit the witness, on his redirect examination, to explain the nature of the trouble.

Error to recorder's court of Detroit. (Chambers, J.) Argued November 2, 1893. Decided December 4, 1893.

Respondent was convicted of larceny, and sentenced to imprisonment in the State prison for five years. Judgment affirmed. The facts are stated in the opinion.

*Oscar M. Springer*, for respondent.

*A. A. Ellis*, Attorney General, *Allan H. Frazer*, Prosecuting Attorney, and *Henry A. Mandell*, Assistant Prosecuting Attorney, for the people.

McGRATH, J. Respondent was informed against for grand larceny, pleaded not guilty, and upon trial was convicted.

The questions raised as to the preliminary proceedings will not be considered, as they should have been raised before pleading to the information. *Washburn v. People*, 10 Mich. 383; *People v. Jones*, 24 Id. 215; *People v. Dowd*, 44 Id. 488; *People v. Hare*, 57 Id. 505; *People v. Williams*, 93 Id. 623.

But three assignments of error remain to be considered:

1. That the evidence was insufficient to warrant the conviction.

2. That the prosecuting attorney expressed an opinion as to the guilt of the prisoner.

3. That the witness Monheim was improperly allowed to testify respecting the trouble that he had had with respondent subsequent to the larceny of the bicycle.

It is sufficient to say that there is no force in the first contention.

As to the second, the prosecuting attorney did not express an opinion as to the respondent's guilt. The remark made was that—

"If you believe the testimony of these various men, corroborated by the facts as they are found concerning the bicycle, then I think you would be justified in convicting the defendant, if you have no reasonable doubt about it."

On his attention being called to the matter, he said:

"I am here for the purpose of analyzing the testimony, and placing it before you; and, if I have made any remark, conclusions, or inferences, I made them with reference to the testimony, and no further. Every inference I have about this case, and every proposition, is on the sworn testimony in this case, testified to, and it is on that alone I wish you to consider, and upon that I wish you to return a verdict."

Then, at his request, the court instructed the jury that "the prosecution has no right to express an opinion as to the guilt or innocence of the defendant."

As to the third assignment, the principal witness for the people was cross-examined as follows:

"*Q.* Did you not have some trouble previous to this?
"*A.* Previous to what?
"*Q.* Previous to buying the bicycle?
"*A.* No.
"*Q.* Did you have some afterwards?
"*A.* Yes.
"*Q.* You did have some trouble with him?
"*A.* Yes.
"*Q.* And you would kind of like to get even with him, wouldn't you?
"*A.* No.
"*Q.* You would not want to get even?
"*A.* Yes, I would like to get even with him.
"*Q.* That is what I thought; you would like to get even with him; that is what I thought. That is all."

On redirect, witness was allowed to explain the nature of the trouble which he had "afterwards." We think this was entirely competent. The defense opened the door, and sought to affect the credit of the witness by an exhibition of feeling growing out of what occurred subsequently, and the people had the right to explain it.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.