OSCAR M. SPRINGER v. THE BOARD OF AUDITORS OF WAYNE COUNTY AND MILTON E. CARLETON, COUNTY TREASURER.

99 513
99 517

[See *People v. Hanifan, post,* 516.]

*Attorneys—Appointment to defend criminal—Removal of case to Supreme Court—Compensation.*

The "enlarged compensation," to which an attorney appointed to defend in a criminal case, and who follows the case into the Supreme Court, is entitled under How. Stat. § 9047, must be fixed and determined by that Court.

*Certiorari* to Wayne. (Hosmer, J.) Argued March 6, 1894. Decided March 27, 1894.

Relator applied for *mandamus* to compel the payment of attorney's fees in a criminal case, and brings *certiorari* to review order denying the writ. Affirmed. The facts are stated in the opinion.

*Charles T. Wilkins,* for relator.

*Ormond F. Hunt,* for respondents.

LONG, J. The relator was assigned by the recorder's court of Detroit as counsel to defend one Thomas Hanifan, charged in said court with the crime of larceny. Hanifan was tried before a jury, and convicted on January 11, 1893, and afterwards sentenced to State prison for the term of five years. Relator thereafter moved for a new trial in said recorder's court, on the ground of newly-discovered evidence, and also to discharge Hanifan, on the ground that the conviction was not according to due

process of law. These motions were overruled. Thereafter
a showing was made to the recorder's court that Hanifan
was unable to employ counsel to remove his cause to the
Supreme Court, and an order was entered in that court
that his attorney, the relator here, "be allowed his expenses
and a reasonable attorney's fee, to be hereafter fixed, to be
paid by the county of Wayne." The cause was removed
to and argued in this Court, and the conviction affirmed.[1]
Relator then presented a bill for the approval of the
recorder's court for his expenses and attorney's fees in the case
in the Supreme Court, which, not including the printing of the
record, amounted to $283.20. The court allowed this bill
at the sum of $200. The bill, as allowed, was then pre-
sented to the board of auditors, who refused to draw a
warrant for it upon the county treasurer. The matter
was reported back to the recorder's court, and an order
there entered directing the board to cause said amount to
be paid. A copy of this order was served on the auditors,
and they still refused to draw their warrant for the amount.
A further order was then entered in said court, directing
its payment by the auditors, and they again refused to
pay it. An order to show cause was then asked from the
circuit court of Wayne county, to be directed to the board
of auditors and the county treasurer. This order was
granted, and the respondents filed their answer therein,
by which they claim that the recorder's court had no
power to fix the compensation of the relator for services
rendered for Mr. Hanifan in the Supreme Court; that the
board of auditors alone had power to fix such compensa-
tion; and that the board had already allowed to relator, as
attorney's fee in the court below, $10; for printing record,
$67.20; and for transcript of testimony, $20.40. The
cause was heard before Judge Hosmer, of the Wayne cir-

[1] See *People v. Hanifan*, 98 Mich. 32.

cuit, and the *mandamus* denied. Relator now brings the cause from that court here by writ of *certiorari*.

The court below was not in error in denying the writ. The recorder's court had no power or authority to fix and determine the amount of relator's compensation for services in that case in this Court. How. Stat. § 9046,[1] provides:

" An attorney appointed by a court to defend a person indicted for an offense, on account of such person being unable to procure counsel, shall be entitled to receive from the county treasury, on the certificate of the presiding judge that such services have been duly rendered, one of the following fees: For defending in a case of murder, twenty-five dollars; in case of other felonies, ten dollars; in case of misdemeanors, five dollars."

By section 9047 it is further provided:

" An attorney shall not, in such case, be compelled to follow a case into another county or into the Supreme Court, and, if he does so, may recover an enlarged compensation, to be graduated on a scale corresponding to the prices above allowed."

The next section provides that the compensation shall not be paid until the attorney files his affidavit in the office of the county clerk that he has not directly or indirectly received any compensation for such services from any other source. This affidavit was duly filed; so that the only question raised is, what tribunal shall fix and determine this enlarged compensation, directed by section 9047? We think there can be no question that it must be fixed and determined by the court into which the cause is removed; if into another county, then by the court before whom the cause is tried; and, if into this Court, then it is to be fixed by this Court. Certainly, this enlarged compensation is to be fixed by the court having knowledge

---

[1] Amended by Act No. 96, Laws of 1893, which provides for the payment, on the certificate of the presiding judge that the services have been rendered, of such an amount, not exceeding $50 in any one case, as the judge shall, in his discretion, deem reasonable compensation for the services performed.

that such services have been rendered, and of the character of the services.

The ruling of the court below, denying the writ of *mandamus,* will be affirmed.

The other Justices concurred.