PEOPLE *v.* FRENCAVAGE.

1. INDICTMENT AND INFORMATION—STATUTORY BURGLARY MUST BE CHARGED AS STATUTE PROVIDES.

    Statutory offenses corresponding to or resembling common-law burglary when charged must be distinctly stated in substance as the statute provides, identifying and distinguishing the particular offense claimed from others of like nature specifically provided for by other acts.[1]

2. SAME — BURGLARY — INFORMATION SHOULD STATE WHETHER BREAKING AND ENTERING STORE IN NIGHTTIME OR DAYTIME.

    An information alleging the breaking and entering of a store, but failing to allege whether the breaking and entering took place in the nighttime or in the daytime, was fatally defective.[2]

3. CRIMINAL LAW—SENTENCE IMPOSED FOR VIOLATION OF ONE STATUTE MAY NOT BE HELD GOOD UNDER ANOTHER.

    Where the information was fatally defective in that it failed to allege whether the breaking and entering took place in the nighttime or in the daytime, both the conviction and sentence were invalid, and the sentence may not be held good for the maximum of five years provided by 3 Comp. Laws 1915, § 15295, as amended by Act No. 323, Pub. Acts 1919, on the theory that the information is good under said statute.[3]

4. SAME — DEFENDANT WRONGFULLY SENTENCED UNDER PLEA OF GUILTY NOT ENTITLED TO DISCHARGE ON THEORY OF FORMER JEOPARDY.

    Where defendant was sentenced on his plea of guilty for an offense not covered by the information, and no jury was impaneled and sworn to try him, the case must be reversed because of the defective information, but defendant is not entitled to discharge under the theory of former jeopardy.[4]

Error to superior court of Grand Rapids; Verdier

[1]Burglary, 9 C. J. § 58; Indictments and Informations, 31 C. J. § 253; [2]Burglary, 9 C. J. § 64; [3]Criminal Law, 16 C. J. § 3111 (Anno); [4]Id., 16 C. J. § 437 (Anno).

(Leonard D.), J.    Submitted April 16, 1925.   (Docket No. 112.)    Decided May 14, 1925.

Adam Frencavage was convicted of breaking and entering a store, and sentenced to imprisonment for not less than 6 nor more than 15 years in the State prison at Marquette.    Reversed.

*Michael Garvey,* for appellant.

*Earl W. Munshaw,* Prosecuting Attorney (*Homer H. Freeland,* of counsel), for the people

STEERE, J.    While at large in Grand Rapids on parole from Ionia reformatory defendant was found to have violated his parole and returned to that institution.    As a result of further investigation of his conduct while on parole complaint was made against him for breaking and entering a store in the city of Grand Rapids in the nighttime of July 21, 1924.    Warrant was issued by the committing magistrate before whom the complaint was made and, when brought before him pursuant to the warrant, defendant waived examination.    He was then held to the superior court of Grand Rapids for trial under the offense charged against him in the complaint and warrant.    When there arraigned under an information ostensibly charging the offense for which he was bound over he pleaded guilty and was sentenced by the court to a term of from 6 to 15 years in the State prison at Marquette.

Up to the time of his sentence defendant had no counsel, but shortly thereafter counsel was procured for him and a motion promptly made to set aside the sentence and plea of guilty, and grant a new trial "of the matters and things alleged in the information," for the reason that defendant claimed to be innocent of the offense and at first pleaded not guilty, but later was impelled to plead guilty by threats and promises

of the officers who had him in charge to the effect that if taken back to Ionia for violation of his parol he would be held for the maximum period of his sentence, while if he pleaded guilty of the offense for which he was last arrested the charge against him for violating his parole would not be pressed and he would only get a short sentence for stealing from a store.    This motion was denied and the case is here on assignments of error.

The most serious error assigned is that the information did not charge the offense for which he was sentenced.    The complaint, warrant and commitment for trial are all in regular form, stating clearly in proper legal phraseology the statutory offense of breaking and entering a store in the nighttime with' intent to steal, said building not being adjoining to or occupied as a dwelling.    Offenses corresponding to or resembling common-law burglary are covered by statutes in this State, distinguishing by separate acts degrees of punishment according to the nature and magnitude of the offense.    Such offenses owe their definitions to statute and when charged must be distinctly stated in substance as the statute provides, identifying and distinguishing the particular offense claimed from others of like nature specifically provided for by other acts.    *Hall* v. *People,* 43 Mich. 417; *Harris* v. *People,* 44 Mich. 305; *People* v. *Calvin,* 60 Mich. 113.

Defendant was charged with and bound over for breaking and entering a store in the nighttime with intent to steal, and stealing a quantity of cigars, gum, cigarettes, and other items valued at $25.    The information was evidently intended to follow the complaint and warrant and does so in most respects, but the prosecutor neglected to allege in the information filed whether the alleged breaking and entering took place in the nighttime or in the daytime.    In *Hall*

v. *People, supra,* it was held (quoting from the syllabus) :

"An information alleging the breaking and entering of a store not occupied with a dwelling, but not stating whether it was done in the nighttime or in the daytime does not allege any offense under Michigan laws."

This decision is squarely in point. Counsel for the prosecution concede that the sentence as pronounced cannot be sustained, but suggest that the information is good under section 15295, 3 Comp. Laws 1915, as amended by Act No. 323, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 15295), which provides a maximum imprisonment of five years for its violation, and only the excess in the sentence beyond the five years should be held invalid. It is manifest from the length of the sentence that it was pronounced on the theory defendant pleaded guilty to a charge of breaking and entering in the nighttime. What sentence the court would have imposed if not laboring under a misapprehension as to the offense for which defendant was being sentenced is not for this court to conjecture. The sentence cannot be upheld by this court adopting a different theory than that under which it was imposed by the trial court. Both the conviction and sentence were invalid under the mistaken theory and course pursued.

Neither is defendant entitled to discharge under the theory of former jeopardy. He was sentenced on his plea of guilty for an offense not covered by the information to which he pleaded. No jury was impaneled and sworn to try him on the charges laid in the defective information. While his conviction and sentence must be set aside for the reasons stated and a new trial granted, it leaves a valid complaint, warrant and order of the magistrate holding him for trial in the superior court of Grand Rapids where, so

far as shown here, a legal return by the committing magistrate of the preliminary proceeding and order holding defendant for trial are on file.

The judgment is reversed and the case remanded for such further proceedings following the magistrate's return as parties may desire and that court determine in harmony with this opinion.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.