PEOPLE *v.* FRENCAVAGE.

1. CONVICTS—CRIMINAL LAW—HABEAS CORPUS—WARDEN SHOULD DELIVER PRISONER TO SHERIFF ON REVERSAL OF CONVICTION.
   The validity or invalidity of a writ of *habeas corpus*, under which the sheriff obtained the custody of defendant from the warden of the State prison, after the Supreme Court had set aside defendant's conviction, is unimportant, since, upon proper notice to the warden of said action of the court, it became his duty to remand the custody of defendant to the sheriff.[1]

[1] Prisons, 32 Cyc. p. 331 (Anno).
233—Mich.—24.

2. CONSTITUTIONAL LAW — CRIMINAL LAW—PROCEEDINGS FOR RE-
   COMMITTING PRISONER VIOLATING TERMS OF PAROLE.
   The provisions of 3 Comp. Laws 1915, § 15866, providing
       for the retaking and returning of convicts who are out on
       parole are exclusive, and, therefore, a judgment of re-
       commitment under 3 Comp. Laws 1915, § 15895, which was
       unconstitutional when enacted, and which has not been
       re-enacted, is void.[2]

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.      Submitted October 15, 1925.
(Docket No. 140.)      Decided December 22, 1925.

Adam Frencavage was convicted of violating his
parole, under 3 Comp. Laws 1915, § 15895, and
sentenced to imprisonment in the Michigan reforma-
tory for the unexpired term of his former sentence.
Reversed.

*Michael Garvey*, for appellant.

*Earl W. Munshaw*, Prosecuting Attorney, for the
people.

FELLOWS, J.     On February 19, 1921, defendant,
upon his plea of guilty to an information filed in the
superior court of Grand Rapids charging him with
burglary and larceny, was sentenced under the in-
determinate sentence law to the Michigan reforma-
tory at Ionia for a period not to exceed 15 years and
not less than one year, with a recommendation of one
year.     After being out on parole he was arrested for
another offense, convicted on his plea of guilty in the
same court and sentenced to the State prison at Mar-
quette for a term of from 6 to 15 years.     The latter
case found its way to this court and is reported in
*People* v. *Frencavage*, 231 Mich. 242.     We there held
that the information was invalid and remanded the

___

[2]Pardons, 29 Cyc. p. 1573 (Anno).

case for further proceedings not inconsistent with the opinion. After the remittitur from this court was filed in the court below, upon the petition of the prosecuting attorney a writ of *habeas corpus* directed to the warden of the Marquette prison was issued; and upon it defendant was turned over to the custody of the sheriff of Kent county. On June 30, 1925, defendant was brought before the superior court and admitted that he had violated the conditions of his parole and thereupon a judgment was entered recommitting him to the Michigan reformatory at Ionia for the unexpired term under the sentence of February 19, 1921. This proceeding, it was recited in the judgment, was taken pursuant to section 15895, 3 Comp. Laws 1915.

It is first urged that defendant was not properly before the court because his custody was obtained by the sheriff under the writ of *habeas corpus* which it is claimed was invalidly issued. But the validity or invalidity of that writ is unimportant. It was entirely unnecessary. Upon proper notice to the warden of the action of this court taken May 14th, it became his duty to remand the custody of defendant to the sheriff of Kent county. Defendant cannot complain of this action. *People* v. *Cook*, 147 Mich. 127.

We are persuaded, however, that the judgment was unauthorized in law. The section relied upon by the trial judge was passed in 1861 (Act No. 195, Laws 1861). It with three other sections were added as amendments to chapter 170, Revised Statutes of 1846. The legislation dealt with conditional pardons by the governor and was enacted long before indeterminate sentences were thought of. The portions of this legislation dealing with procedure were held to be unconstitutional in *People* v. *Moore*, 62 Mich. 496. If these provisions were beyond the power of the

legislature to enact at the time they were enacted, it is obvious that a change in the Constitution (Pub. Acts 1903, p. 452) did not make them valid without re-enactment.     Since the amendment to the Constitution in 1903, legislation has been enacted dealing with indeterminate sentences and provision is made for the retaking and returning of convicts who are out on parole (3 Comp. Laws 1915, § 15866).   This provision is valid.   *People* v. *Cook, supra.*   By this section the machinery for returning prisoners out on parole, including the granting to them of a hearing, is provided for and is exclusive unless we hold not only that section 15895 survived the decision in *People* v. *Moore, supra,* but also that it is applicable to the indeterminate sentence law enacted after the amendment to the Constitution in 1903.     We are not inclined to so hold.     The provisions of section 15866 are exclusive.

It follows from what has been said that the judgment now under review must be reversed.     When *People* v. *Frencavage, supra,* was before us, it was stated by defendant's counsel that defendant's parole had been revoked by the warden.     This record is silent on this question.     If defendant's parole has been revoked under section 15866 and he is now in the Michigan reformatory at Ionia, there is nothing further to be done by the courts.     If his parole has not been revoked or proceedings under the section cited are not promptly taken, he should be discharged.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.