*In re* RHYNDRESS.

1. CRIMINAL LAW—SENTENCE—DEFECTIVE INFORMATION.
    Where information charged defendant with breaking and enter-
        ing but failed to charge the offense as having been com-
        mitted either in the nighttime or in the daytime, a sentence
        imposed after plea of guilty is invalid.

2. HABEAS CORPUS—INVALID SENTENCE—REMAND.
    Where defendant was charged with breaking and entering, a sen-
        tence was invalid because information failed to specify whether
        offense was committed in the nighttime or the daytime, defend-
        ant was entitled to have the sentence vacated but not release
        from custody on habeas corpus, the case being remanded for
        further proceedings upon the magistrate's return.

3. CRIMINAL LAW—ESCAPE—SENTENCE.
    A defendant who was imprisoned under a sentence and commit-
        ment valid on their face, who escaped from prison while serv-
        ing such sentence that was invalid for failure of information
        to state every element of offense for which sentence had been
        imposed, who then pleaded guilty on charge of offense and
        sentenced to serve 7½ to 15 years, was not entitled to dis-
        charge on habeas corpus but was entitled to have later sentence
        commence as of the time he was sentenced on the charge for
        escaping from prison.

Habeas Corpus by Kenneth Rhyndress, with ancil-
lary certiorari to Genesee Circuit Judge, to obtain
his release from State Prison of Southern Michigan.
Submitted January 2, 1947. (Calendar No. 43,447.)
Release denied April 8, 1947.

*Kenneth Rhyndress, in pro. per.*

*Eugene F. Black,* Attorney General, and *Ed-
mund E. Shepherd,* Solicitor General, for the people.

NORTH, J. In this habeas corpus proceedings, accompanied by ancillary certiorari, petitioner, Kenneth Rhyndress, hereinafter referred to as defendant, seeks to be released from his commitment to the State prison of southern Michigan under a sentence of 7½ to 15 years imposed on the 5th day of June, 1939. Defendant was prosecuted and sentenced in the circuit court of Genesee county. He was arrested on a complaint and warrant charging him with breaking and entering a dwelling house in the nighttime with the intent to commit larceny; and after hearing before the magistrate was bound over for trial in the circuit court. The defect in the proceedings is that in drafting the information the prosecuting attorney neglected to charge the offense as having been committed either in the nighttime or in the daytime. Upon having the information read to him the defendant pleaded guilty. On several occasions we have held that a sentence imposed following an arraignment and a plea of guilty under like circumstances was invalid; and we so hold in the instant case. See *People* v. *Frencavage*, 231 Mich. 242, and cases therein cited. See, also, *People* v. *Eddinger*, 233 Mich. 341.

Notwithstanding the sentence of the circuit judge as recorded recited that the charged breaking and entering was in the nighttime, and the commitment to the penitentiary was in like form, nonetheless defendant, on the record before us, is entitled to have the sentence vacated, but he is not entitled to be released from custody. Instead, as was held in the *Frencavage Case, supra,* the judgment is reversed and the case remanded for such further proceedings upon the magistrate's return as the circuit court of Genesee county may determine in harmony with the foregoing.

However, the instant case is made somewhat more perplexing by the following circumstances. As

above intimated, defendant was imprisoned under a sentence and a commitment each of which was valid upon its face. While so committed, defendant herein escaped from prison. He was later apprehended and when brought before the circuit court of Ionia county on the 18th day of April, 1944, entered a plea of guilty to a charge of "Escaping prison—4th felony." He was thereupon sentenced to the State prison of southern Michigan "for a period not exceeding fifteen years and not less than seven and one-half years. Sentence to commence upon termination of sentence now serving.   *   *   * The minimum term of imprisonment shall be 7½ years." Defendant does not question the validity of his commitment under this sentence. Under the circumstances, notwithstanding the sentence imposed upon defendant for breaking and entering was invalid, defendant is still in custody under a valid conviction and commitment and is not entitled to be released under his present habeas corpus proceedings. Instead, since the sentence imposed on defendant for breaking and entering was invalid, defendant's present detention should be held to be under the sentence imposed April 18, 1944. He is not entitled to be released from custody until the expiration of the sentence imposed upon him for escaping from prison, fourth felony; which sentence should now be construed to have commenced to run on the 18th day of April, 1944.

The relief sought by defendant is denied.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.