1. CRIMINAL LAW—BREAKING AND ENTERING—ALLEGATION OF TIME.
A complaint and warrant for the arrest of one sought for criminal offense of breaking and entering which failed to state whether the act occurred in the nighttime or daytime was defective in that it failed to allege properly the specific offense charged (3 Comp. Laws 1929, § 16948).

2. SAME—PLEA OF GUILTY—WAIVER OF DEFECTS IN COMPLAINT AND WARRANT.
Where defendant pleaded guilty to offense properly charged in information he thereby waived defects in complaint and warrant.

3. SAME—ADMISSION OF GUILT—WAIVER OF EXAMINATION.
The judicial admission of guilt constitutes a waiver of an examination on charge to which defendant pleaded guilty.

4. SAME—ENTRY OF PLEA—PRIOR PROCEEDINGS.
After entry of a plea in the circuit court the prior proceedings had before an examining magistrate cannot be questioned nor can the defendant then complain even though there has been no examination.

Habeas corpus by Earl Reno with accompanying certiorari to Arenac Circuit Court to obtain his release from prison. Submitted May 27, 1948. (Calendar No. 44,040.) Writ dismissed June 14, 1948. Certiorari denied by the Supreme Court of the United States October 11, 1948.

*Earl Reno, in pro. per.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am. Jur., Criminal Law, § 126.
[2, 3] 14 Am. Jur., Criminal Law, §§ 269, 272.
[3] 14 Am. Jur., Criminal Law, § 242.
[4] 14 Am. Jur., Criminal Law, § 272.
[4] Defendant's plea to indictment or information as waiver of lack of preliminary examination. 116 A.L.R. 550.

*Eugene F. Black*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Daniel J. O'Hara*, Assistant Attorney General, for the people.

CARR, J. The petitioner herein, Earl Reno, seeks, in a habeas corpus proceeding with ancillary writ of certiorari, to obtain his release from imprisonment in the State prison for southern Michigan at Jackson. The petition and the returns to the writs disclose that on March 11, 1930, petitioner was arraigned in the circuit court of Arenac county on an information charging the offense of breaking and entering a store building in the nighttime with intent to commit larceny therein, in violation of 3 Comp. Laws 1929, § 16948. Petitioner pleaded guilty and was sentenced to serve a term of not more than 15 years nor less than 7 years, with a recommendation of the minimum term. Following such sentence he was committed to the State prison, from which he escaped in January, 1935. Approximately 11 years later petitioner was taken into custody in the State of Washington and was returned to Michigan. In February, 1946, he was sentenced by the circuit court of Jackson county to an additional term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years following conviction on a charge of escaping from the prison. The record indicates that petitioner pleaded guilty to this charge, and that the information alleged the offense as a second felony.

In August, 1947, petitioner filed in the circuit court of Arenac county a petition to vacate the conviction and sentence in that court, to set aside the plea of guilty, and to discharge petitioner from custody. For reasons indicated by the trial judge in an opinion dictated from the bench, said motion, and also an accompanying petition for a writ of habeas corpus, were denied. Thereafter the instant proceeding was instituted in this Court. It is the petitioner's theory that the circuit court of Arenac county

was wholly without jurisdiction to accept his plea of guilty to the charge against him and that in consequence the sentence imposed was void. He further contends that the conviction for escaping prison was improper, and, hence, that the sentence imposed for that offense was·unlawful.

The claim that the sentence imposed by the circuit court of Arenac county was void for want of jurisdiction is based on the preliminary proceedings in justice court. The complaint against petitioner failed to state whether the act of breaking and entering occurred in the nighttime or in the daytime. The warrant followed the language of the complaint. Both were defective in that they failed to allege properly the specific offense charged. *People* v. *Frencavage,* 231 Mich. 242; *People* v. *Eddinger,* 233 Mich. 341; *In re Rhyndress,* 317 Mich. 21. Petitioner waived examination and was bound over to the circuit court, the return of the justice setting forth the complaint and warrant and the proceedings had thereunder. No claim is made, however, that the information was not in proper form, petitioner's theory being that the circuit court did not acquire jurisdiction because of the defect, above noted, in the complaint and in the warrant.

Petitioner did not move to quash the information nor did he seek in any other manner to call attention to the situation of which he now complains. On the contrary, he pleaded guilty to an information that correctly charged the offense, his plea was accepted, and the sentence followed. Under the facts disclosed by the record it must be said that petitioner waived the defect in the complaint and warrant. He had the right to waive an examination on the charge to which he pleaded guilty. The judicial admission of his guilt constituted such waiver.

The question at issue here has been considered by this Court in prior decisions, which are in accord

with the conclusion indicated. In *People* v. *Tate*, 315 Mich. 76, defendant pleaded guilty to the offense of assault with intent to do great bodily harm less than the crime of murder. The plea was accepted and sentence imposed. Defendant later made a motion to set aside the sentence and for leave to withdraw his plea of guilty, which motion was denied. On appeal to this Court it was claimed that the municipal judge, before whom the preliminary proceedings were had, was without jurisdiction in that he had been elected under a void provision of the city charter. This Court, in affirming the action of the trial judge, did not find it necessary to pass on the merits of the claim, saying in part:

"When defendant was re-arraigned in the circuit court, at his request the plea of not guilty theretofore entered in his behalf was set aside, and thereupon defendant, accompanied by his counsel, entered a plea of guilty. The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination. In the instant case, as above noted, defendant had been arraigned in the circuit court, pleaded guilty and sentence was imposed, prior to the motion from the denial of which this appeal was taken."

In *People* v. *Jury*, 252 Mich. 488, the defendant, on arraignment in circuit court, pleaded guilty to a charge of assault with intent to kill and murder. The plea was accepted and sentence imposed. Following denial of a motion for a new trial defendant appealed, basing such appeal in part on the claim that the complaint and warrant and all subsequent proceedings were void because the complaint was not

signed and sworn to. In rejecting this contention it was said:

"When defendant was arraigned and informed against he pleaded guilty to the charge made against him in the information and thus waived any defect in the prior proceedings."

A similar question was involved in *People* v. *Turner,* 116 Mich 390. There defendant was convicted of bigamy, and sentenced. On appeal it was argued in her behalf that the proceedings were void *ab initio* on the ground that the complaint was sworn to by defendant's husband and was therefore a nullity under the prior decision in *People* v. *Quanstrom,* 93 Mich. 254 (17 L. R. A. 723). It was pointed out in the opinion of the court that in the *Quanstrom Case* the defendant stood mute on arraignment and therefore waived nothing. In differentiating that case from the case before the Court, it was said:

"In the case now before us an information complete in form and substance, which was verified by the prosecuting attorney, who was competent to verify it, was filed. To that information the respondent did not object, but pleaded thereto not guilty. We think this was a waiver of the want of regularity in justice's court, and gave the circuit court jurisdiction to try the case."

In the earlier case of *People* v. *Jones,* 24 Mich. 215, defendant was arrested under a warrant issued pursuant to a complaint charging him with setting fire to a store with intent to burn. The examination was held on this charge and defendant was bound over to the circuit court for trial. The information filed by the prosecuting attorney alleged an offense distinct from that charged in the complaint, setting forth an attempt to burn personal property located in the store building. To this information the defendant pleaded not guilty. Following the introduc-

tion of proofs on the trial defendant moved that the proceedings be quashed for the reason that there had been no complaint against defendant for the offense charged in the information and that defendant had never had any examination on such charge. In discussing the question it was said:

"Had this motion been made before pleading not guilty to the information, it must have prevailed. But as the statute expressly authorizes a defendant to waive an examination, we think it clear, as held by the majority of the Court in *Washburn* v. *People*, 10 Mich. 372, 383, that he may waive it as well when called upon to plead to the information, as when brought before the magistrate for examination; and we think the plea of not guilty must be treated as such waiver."

See, also, *People* v. *Hanifan*, 98 Mich. 32; *People* v. *Sanford*, 233 Mich. 112; *In re Krusiewicz*, 263 Mich. 74; *People* v. *Lantz*, 387 Ill. 72 (55 N. E. [2d] 78); *In re Harrison*, 55 Ariz. 347 (101 Pac. [2d] 457); 22 C. J. S. p. 658.

The case of *In re Rhyndress, supra,* on which petitioner relies, is distinguishable from the instant case in that the defect there involved was in the information, rather than in the prior proceedings. The same situation existed in *People* v. *Frencavage, supra,* and in *People* v. *Eddinger, supra*. In the instant case, however, the sufficiency of the information is not questioned. Specific discussion of other matters raised by petitioner is unnecessary, such matters having been covered above in substance.

The relief sought by petitioner is denied and the writs are dismissed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.