## PEOPLE *v.* BEAN.

1. CRIMINAL LAW — WARRANT — AUTHORIZATION — PROSECUTING ATTORNEY.

   Dictation of warrant by prosecuting attorney and typing of it in his office and under his direction was sufficient compliance with statutory requirement of written authorization for warrant to vest jurisdiction over criminal offense in trial court (CL 1948, § 764.1).

2. SAME — PRELIMINARY EXAMINATION — AMENDED INFORMATION — WAIVER.

   Defendant cannot assign as error the lack of a preliminary examination or the failure of the examining magistrate to make a return finding that an offense added by an amended information was committed where defendant consented to the filing of the amended information and pleaded guilty to .the added count, thereby waiving absence of examination and return.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 7 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 446 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR 2d 549.

3. SAME—PLEA OF GUILTY—NATURE OF ACCUSATION—CONSEQUENCE
    OF PLEA.
      Defendant charged with taking indecent liberties with a child
        under the age of 16 years was properly informed by trial
        judge of nature of accusation and the consequence of his plea
        of guilty where defendant's remarks on the record indicate
        clearly his awareness of the nature of the offense charged
        and where trial judge advised him that a consequence of his
        plea might be a prison sentence, the judge not being required
        by court rules to advise a defendant of the maximum sentence
        which could be imposed (CLS 1961, § 750.336; GCR 1963, 785-
        .3[2]).

Appeal from Shiawassee, Carland (Michael), J.
Submitted Division 2 December 7, 1967, at Lansing.
(Docket No. 2,967.)   Decided October 22, 1968.

Byron Frederick Bean, Sr., was convicted of tak-
ing indecent liberties with a child under the age of
16 years.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Thomas P.
Dignan,* Prosecuting Attorney, for the people.

*Byron Frederick Bean, Sr., in propria persona.*

QUINN, P. J.   On leave granted, defendant appeals
his conviction on plea of guilty, and sentence for
violating CLS 1961, § 750.336 (Stat Ann 1954 Rev
§ 28.568).

At his first arraignment September 16, 1963 on
a charge of statutory rape,* defendant's motion by
retained counsel for remand to the magistrate for
preliminary examination was granted.   October 17,
1963, an amended information was filed with per-
mission of the court and without objection of de-
fendant, charging in count 1 the offense of indecent

* CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

liberties (CLS 1961, § 750.336, *supra*) and in count 2, the offense of statutory rape. Defendant pleaded guilty to count 1, and on motion of the prosecuting attorney, count 2 was dismissed.

Relying on *People* v. *Holbrook* (1964), 373 Mich 94, defendant contends the trial court lacked jurisdiction because there was no written authorization for the warrant as required by CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860). The people's brief discloses the warrant was dictated by the prosecuting attorney and was typed in his office under his direction. *People* v. *Carter* (1967), 379 Mich 24, controls.

Defendant claims the trial court lacked jurisdiction because there was no preliminary examination on remand nor a new return by the magistrate finding the indecent liberties offense had been committed. In effect, defendant consented to the filing of the amended information and pleaded guilty to count 1. *People* v. *Quicksall* (1948), 322 Mich 351, and *In re Reno* (1948), 321 Mich 497, control.

Finally, defendant argues noncompliance with GCR 1963, 785.3(2) because he was not advised of the nature of the accusation and the consequence of his plea. He claims that because he was not advised of the maximum sentence, he was not advised of the consequence of his plea. *People* v. *Dunn* (1968), 380 Mich 693, disposes of this contention, and defendant's response, "played with her privates and breasts", obviates the advice he now says he should have had with respect to the nature of the accusation.

Affirmed.

T. G. KAVANAGH and LEVIN, JJ., concurred.