THE PEOPLE v. JOHN GLEASON, ALIAS PATRICK ROONEY.

*Criminal law—Preliminary examination—Reading and signing depositions.*

1. A respondent may *require,* as a matter of *right,* the *reading* of the depositions taken on his preliminary examination to the witnesses *before* signing; but if he makes no objection to such *non-reading,* and the requirements of the statute are substantially complied with, he cannot raise such objection on the trial.

2. In *People v. Chapman,* 62 Mich. 280, the respondent was discharged for the *sole* reason that the depositions taken on the preliminary examination were returned to the circuit court *unsigned* by the witnesses.

3. A deposition taken and filed without being read by or to the witness might be, if that fact was shown, useless for the purposes of impeachment, or as the basis for a prosecution for perjury; but if a preliminary examination conforms in *other* respects to the statute, such *non-reading* cannot affect the *status* of the respondent in the trial court.

Exceptions before judgment from recorder's court of the city of Detroit. (Swift, J.) Argued November 9, 1886. Decided November 11, 1886.

Information for robbery. Respondent was convicted. Affirmed. The facts are stated in the opinion.

*Harry E. Palmer,* for respondent.

*George Gartner,* for the People.

MORSE, J. The respondent was convicted of robbery in the recorder's court for the city of Detroit.

It appears from the bill of exceptions in the cause that the return of the preliminary examination in the police court was in regular form, which return showed that the testimony of the witnesses in said police court was reduced to writing by one of the clerks of said court in the presence of the defendant, and also signed by the said several witnesses in his presence.

It further appeared upon the trial in the recorder's court, by parol, upon the examination of the people's witnesses, that the testimony taken in the police court, and reduced to writing as aforesaid by one of the clerks, was not read to or by the witnesses before signing the same. No objection was made by the defendant in the police court, he having no counsel there, to the non-reading of these depositions.

When arraigned in the recorder's court, no objection was made to the filing of the information, and the defendant pleaded "not guilty" thereto. Upon the trial, after the testimony had been given by the witnesses for the people to

the effect that they did not read their testimony taken and reduced to writing upon the examination in the police court, and that it was not read to them, before signing, the counsel for the defendant moved to withdraw the plea of not guilty, and that the prisoner be discharged, for the reason of the non-reading of the depositions, before signing, taken in the police court.

The motion was overruled, and an exception taken, upon which error is assigned in this Court.

It is claimed that the defendant did not have such a proper and legal preliminary examination as the statute requires, before information was filed against him; that there was no legal evidence taken in the police court against him, or returned to the recorder's court, because of the failure to read the testimony there taken to the witnesses, or to have them read it, before signing their respective depositions.

The counsel for defendant, in his brief, relies upon *People v. Smith*, 25 Mich. 497, and *People v. Chapman*, 62 Id. 280, to support his argument in favor of this proposition.

In *People v. Smith* no evidence had been returned and filed in the circuit court before the filing of the information, and nothing was offered to be filed thereafter, except the minutes of the justice taken upon the examination.

As the statute expressly requires that such evidence should be reduced to writing, and also be signed by the witnesses respectively (How. Stat. § 9469), it was properly held that there had been no examination as required by law.

In *People v. Chapman* the evidence had been reduced to writing, and returned to the circuit court, but the depositions had not been signed. For that reason, and that alone, the prisoner was discharged.

The rulings in both of these cases were made because the mandatory and positive provisions of the statute had not been complied with.

In *People v. Chapman* we took occasion to refer to the fact that the depositions ought to be read to the witnesses before signing, although the statute did not expressly require it, and stated the reasons why they should be so read. We had before referred to the same thing in civil cases in *Godfrey v. White*, 43 Mich. 189.

We did not intend, however, to intimate that a failure to have such depositions read would vitiate an examination, when the express requisites of the statute had been substantially complied with.

A deposition taken and filed without being read by or to the witness might be, if that fact was shown, altogether useless as a means of contradicting or impeaching his testimony given on the trial, and of no value upon which to base a prosecution for perjury against him; but when the examination before a magistrate is in other respects legal, and in conformity to the express terms of the statute relating to such examinations, this neglect or failure to have the testimony of any or all of the witnesses read to or by them before signing cannot affect the *status* of the defendant in the trial court to which he is bound over at such examination. There is no doubt of his right to require, at the examination, that the testimony shall be so read before it is signed; but if he makes no objection there, he cannot be heard afterwards to complain of it.

Let it be therefore certified to the recorder's court for the city of Detroit that we find no error in the proceedings, and that said court proceed to judgment and sentence against the respondent.

The other Justices concurred.