THE PEOPLE v. EDWIN DOWDIGAN AND JOSEPH DEVRIES.

[See *ante*, 92.]

*Criminal law—Evidence—Deposition taken on preliminary examin-
ation—Death of witness—Return to circuit court—
Failure to read testimony to witness.*

1. The testimony of a witness taken on a preliminary examination
in a criminal case is admissible in evidence on the trial on proof
of the death of the witness, if otherwise unobjectionable.

2. A justice certified that the examination of a witness was taken
by him on oath, and sworn to and subscribed by the witness
before him, and the deposition, so certified, was returned by him,
with the warrant and other papers pertaining to the case, to the
clerk of the circuit court.

*Held*, a sufficient compliance with How. Stat. § 9478.[1]

3. It is doubtful if the practice of showing *orally* upon the trial of a
criminal case that the depositions of witnesses taken upon the
preliminary examination were *not read* to them before signing
should be permitted, where no objection was made upon such
examination, or before pleading in the circuit court; and if such
*fact* should appear, under *such circumstances*, it would not viti-
ate the examination, as the law does not in *terms* require such
reading. *People v. Gleason*, 63 Mich. 626.[2]

Error to Osceola. (Judkins, J.) Argued June 27, 1888.
Decided July 11, 1888.

Information for rape. Conviction affirmed. The facts are
stated in the opinion.

*Charles A. Withey* and *Frank E. Withey*, for respondents.

*Moses Taggart*, Attorney General, for the People.

[1] How. Stat. § 9478, provides that all examinations and recogniz-
ances, taken by any magistrate pursuant to any of the provisions of
chapter 332, shall be forthwith certified and returned by him to the
clerk of the court before which the party charged is bound to appear,
and a justice failing so to do may be proceeded against by attach-
ment as for a contempt.

[2] See *People v. Chapman*, 62 Mich. 280.

MORSE, J.  The defendants were convicted in the circuit court for the county of Osceola of the crime of rape upon the person of Mary Penasa. She was dead at the time of the trial.

The case has been here once before, and will be found reported *ante,* 92.

The only error assigned upon the second conviction is the introduction in evidence of the testimony given by said Mary Penasa upon the preliminary examination before the justice of the peace who bound the parties over for trial. This examination was taken in writing under oath, and subscribed by the said Mary Penasa. It was returned to the circuit court by the justice, with the other papers belonging to the case.

It is objected against the introduction of this deposition—

1. That it violates the constitutional right of the respondents to be confronted with the witnesses against them.

2. That the deposition bore no certificate, as required by statute, and was in no other way authenticated.

3. That there was nothing to show that the interpreter was sworn to interpret truly.

4. That the testimony was neither reinterpreted nor reread to her before she signed it.

We will notice these objections in their order.

1. The witness being dead, the deposition was admissible if otherwise unobjectionable. This is a recognized exception to the rule requiring witnesses to be confronted with the prisoner. before the trial jury. The prisoners were both present when her testimony in justice's court was taken, and were therefore confronted with her when she gave her evidence.

2. It was certified by the justice that the examination of the witness was taken by him on oath, and sworn and subscribed to by the witness before him, and the deposition, so certified, was returned by him, with the warrant and other papers pertaining to the case, to the clerk of the circuit

court. This was a sufficient compliance with How. Stat. § 9478.

3. The deposition did not, upon its face, show that any interpreter was employed, but, from the oral proof resorted to, it appeared the interpreter was properly sworn, taking the usual oath of an interpreter.

4. The deposition, like all others usually returned to the circuit, did not show whether the testimony subscribed by her was read over to her or not previous to the signing. It purported to give her evidence as taken before the examining magistrate, and ended by her signature at its close, and the following jurat of the officer:

"Subscribed and sworn to before me this twenty-sixth day of August, A. D. 1886.

"JEREMIAH WAITE,
"Justice of the Peace.

It is doubtful if this practice of showing orally upon the trial of a cause that the depositions of witnesses taken upon the preliminary examination were not read to them before signing should be permitted, where no objection was made upon such examination, or before pleading in the circuit court.

We held in *People v. Gleason*, 63 Mich. 626, that if, under such circumstances, it did appear upon the trial that the depositions were not so read, it would not vitiate the examination, as the law in terms did not require it. Here it was attempted to be shown by oral proof that the deposition of Mary Panasa was not read to her before signing, but the result was that neither the justice nor any one else could swear whether it was or not so read.

The evidence was taken in conformity to the requirements of the statute, and we are not satisfied from the oral proof that the witness Mary Penasa did not understand what she was signing. On the contrary, we are satisfied that the

67 MICH.—7.

deposition contained a true statement of the transaction, as far as it went, and it was corroborated by all the other testimony in the case. The guilt of the respondents is clear from the record, and the judgment is affirmed.

The other Justices concurred.