THE PEOPLE v. RALPH WILLIAMS, IMPLEADED,. ETC.

93   623
98    33
93   623
103   474

*Criminal law—Preliminary examination—Waiver.*

A plea of not guilty to an information charging the respondent in one count with an assault with intent to do great bodily harm less than the crime of murder, and in a second count with assault and battery, of which latter offense he is convicted, will be treated as a waiver of a preliminary examination for such offense; citing *Washburn v. People,* 10 Mich. 383; *People v. Jones,* 24 Id. 215.

Exceptions before judgment from Saginaw.   (Gage, J.) Submitted on briefs November 17, 1892.   Decided December 2, 1892.

Respondent was convicted of an assault and battery. Conviction affirmed.   The facts are stated in the opinion.

*Holden & Bradt,* for respondent.

*A. A. Ellis,* Attorney General, and *W. R. Kendrick,* Prosecuting Attorney, for the people.

LONG, J.   The respondent was arrested upon a complaint and warrant issued by a justice of the peace, charging an assault with intent to do great bodily harm less than the crime of murder.   He waived examination before the justice, and was bound over for trial in the circuit court.   He was informed against in the circuit, the information containing two counts,—one for assault with intent to do great bodily harm, and the second count for assault and battery.   He pleaded not guilty, and went to trial before a jury, who convicted him under the second count. On appeal here it is insisted that, there being no testimony taken before the justice, and no assault and battery

charged in the complaint and warrant, the prosecuting attorney had no authority to include that charge in the information.

The case is ruled by *Washburn v. People*, 10 Mich. 383. There it was said:

" It is not doubted that a defendant, unless a fugitive from justice (which is not pretended here), has a right to insist upon such examination before he can be put upon his trial, or called upon to answer the information. But the statute is express that he may waive this right, and we think he may waive it when called upon to plead to the information, as well as when brought before the magistrate for examination.    It is not a matter which goes to the merits of the trial, but to the regularity of the previous proceedings. If he makes no objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived, or now intends to waive, it. If he intends to insist upon the want of the examination, we think he should, by plea in abatement, set up the fact that it has not been had, upon which the prosecuting attorney might take issue, or reply a waiver; or he must, upon a proper showing by affidavit, move to quash the information."

In *People v. Jones*, 24 Mich. 215, the respondent pleaded not guilty to the information, and went to trial. The people, having introduced their evidence in chief, rested, when the respondent moved to quash the information, on the ground that there was no complaint against him for the crime alleged in the information, and that he had never been examined upon the charge contained in the information.    This Court said:

" Had this motion been made before pleading not guilty to the information, it must have prevailed.    But, as the statute expressly authorizes a defendant to waive an examination, we think it clear, as held by the majority of the Court in *Washburn v. People*, 10 Mich. 383, that he may waive it as well when called upon to plead to the information as when brought before the magistrate for examination; and we think the plea of not guilty must be treated as such waiver."

The respondent in the present case must be treated as having waived an examination upon the count charging assault and battery, by pleading and going to trial, under the rule laid down in the above cases.

In the case of *Turner v. Circuit Judge,* 88 Mich. 359, referred to by counsel for respondent, the information did not contain any count for assault and battery, and it was held that no amendment could be made to include that offense.

The conviction must be affirmed.

The other Justices concurred.