PEOPLE v. SANFORD.

1. CRIMINAL LAW—PLEADING — WAIVER — PRELIMINARY EXAMINATION.

Where, in a criminal prosecution, the defendant pleaded guilty, he thereby waived his right to a preliminary examination under 3 Comp. Laws 1915, § 15767, and the trial court had jurisdiction to sentence.[1]

[1]Criminal Law, 16 C. J. § 565 (Anno).

2. SAME—NEW TRIAL PROPERLY DENIED.

> A motion to set aside the plea of guilty and sentence and grant a new trial, on the ground that no preliminary examination was had, which fact was not known to the trial court at the time the plea of guilty was entered, was properly denied, since defendant, by pleading guilty, waived his right to said examination.[a]

Error to Jackson; Williams (Benjamin), J. Submitted October 15, 1925. (Docket No. 138.) Decided December 22, 1925.

Clinton Sanford was convicted of an assault with intent to rob, being armed with a dangerous weapon, and sentenced to imprisonment for not less than 5 nor more than 15 years in the State prison at Jackson. Affirmed.

*Joseph L. Hooper* and *Howard W. Cavanagh,* for appellant.

*Andrew B. Dougherty,* Attorney General, *John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

MOORE, J. The trial judge stated the issue involved in this case so clearly that we quote from his opinion as follows:

"This is a motion that the plea of guilty heretofore made by the respondent in the above-entitled cause, and the judgment and sentence of the court on said plea of guilty, may be set aside and a new trial granted.

"On February 9, 1925, respondent was arraigned in the circuit court for said county under an information filed by the prosecuting attorney, which charged respondent and two others impleaded with him, with assault with intent to rob, being armed with a dangerous weapon, under the provisions of 3 Comp. Laws 1915, § 15207. All three respondents pleaded

---

[a] Criminal Law, 16 C. J. §§ 565 (Anno), 2624 (Anno).

guilty thereto, and the court, after the private interview required by law with each of said respondents, accepted their pleas and imposed sentence.

"As a matter of fact, no preliminary examination had been had by these respondents or either of them, which fact, however, was not known to the court until the present motion for a new trial was brought on for hearing.

"After the plea of guilty by the respondents, the court had the private interview required by law with each of them, going into the whole details of the transaction at considerable length.    The first phase of the matter inquired into was whether or not the particular respondent, who was at the time being interviewed, fully understood the nature of the charge made against him, whether he was pleading guilty thereto freely, understandingly and without any promises having been made to him by the officers or any one else, and whether he was in any way influenced by any possible threats or fear; to all of these inquiries, all of the respondents, including Sanford, unequivocally stated that they understood what they were doing, and had in no way been influenced in making their pleas.    *    *    *

"Without going into detail, the court's interview with respondent Ashley disclosed that he understood they were coming to Jackson.    *    *    *

"It also appeared that these same three respondents had held up a drug store recently in Muskegon under very similar circumstances, obtaining some $33 thereby.

"It also appeared that the arrest of the respondents, Sanford and Ashley, was brought about through the stealing, by all three respondents, of an automobile in Grand Rapids, Michigan, that at that time, Callaghan escaped, coming to Jackson, where he was apprehended, confessed, implicated Sanford and Ashley, and informed the officers that Sanford and Ashley were under arrest in Grand Rapids, from which place they were returned to Jackson for trial on the instant case.    *    *    *

"The sole question raised upon the present motion is whether the sentence of respondent Sanford was valid, it being conceded that there was no preliminary

proceeding by complaint and warrant first had before a magistrate.

"No claim is made in the motion, the supporting affidavit, or in the argument on the hearing of the motion, that respondent misunderstood the proceedings or has any meritorious defense.

"Section 15767, 3 Comp. Laws 1915, reads:

" 'No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such examination.' * * *

"The court is clearly of the opinion that the respondent, Sanford, did waive his right to such preliminary examination within the express provision of the statute quoted, by pleading guilty to the information.

"This proposition is believed to be settled beyond any dispute by a long line of cases in this State, a brief reference to which is here made for the convenience of the appellate court in case of review.

"The leading case on the subject is *Washburn* v. *People*, 10 Mich. 372. The court, after quoting the statute at page 383, state:

" 'But the statute is express that he may waive his right; and we think he may waive it when called upon to plead to the information, as well as when brought before the magistrate for examination. It is not a matter which goes to the merits of the trial, but to the regularity of the previous proceedings. If he make no objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived, or now intends to waive it. If he intends to insist upon want of the examination, we think he should, by plea in abatement, set up the fact that it has not been had, upon which the prosecuting attorney might take issue, or reply a waiver; or he must, upon a proper showing by affidavit, move to quash the information. The latter is the simpler course.'

"In *People* v. *Jones*, 24 Mich. 215, at page 218, the court say:

" 'Had this motion been made before pleading not guilty to the information, it must have prevailed. But, as the statute

expressly authorizes a defendant to waive an examination, we think it clear, as held by the majority of the court in *Washburn* v. *People*, 10 Mich. 383, that he may waive it as well when called upon to plead to the information as when brought before the magistrate for examination; and we think the plea of not guilty must be treated as such waiver.' * * *

"In *People* v. *Turner*, 116 Mich. 390, at page 391, the court say:

" 'In the case now before us, an information complete in form and substance, which was verified by the prosecuting attorney, who was competent to verify it, was filed. To that information the respondent did not object, but pleaded thereto not guilty. We think this was a waiver of the want of regularity in justice's court, and gave the circuit court jurisdiction to try the case. *Washburn* v. *People*, and *People* v. *Jones, supra.*'

"In *People* v. *Corsi*, 216 Mich. 65, at page 70, apparently the most recent case on the subject, the court say:

" 'When the defendants pleaded to the information, they conferred jurisdiction upon the court to proceed with the trial. Section 15767, 3 Comp. Laws 1915; *Washburn* v. *People*, 10 Mich. 383; *People* v. *Jones*, 24 Mich. 218; *People* v. *Wright*, 89 Mich. 70.' * * *

"For the reasons stated, and upon the authority referred to, the court is of the opinion that the motion is without merit, and the same is therefore denied."

The authorities cited by counsel for defendant have been examined, and do not make the ruling of the court doubtful. The question involved is settled adversely to the contention of counsel, by the decisions of this court cited in the opinion of the trial judge.

The judgment is affirmed.

McDonald, C. J., and Clark, Bird, Sharpe, Steere, Fellows, and Wiest, JJ., concurred.