## PEOPLE v. HARRIS.

1. CRIMINAL LAW—APPOINTMENT OF COUNSEL FOR ACCUSED—DISCRETION OF COURT—PLEA OF GUILTY.

   Appointment of counsel to defend accused is discretionary and where accused pleads guilty he is not entitled to such appointment.

2. SAME—PLEA OF GUILTY—WAIVER OF EXAMINATION.

   Plea of guilty is a waiver of examination before magistrate.

3. HABEAS CORPUS—QUESTIONS REVIEWABLE—EXAMINATION.

   Question whether or not crime was established on examination before magistrate cannot be raised on *habeas corpus.*

4. SAME—QUESTIONS REVIEWABLE—JURISDICTION.

   *Habeas corpus* is not a substitute for writ of error, the question being solely one of jurisdiction of the court to enter the judgment of conviction and sentence.

5. SAME—ACCOMPANYING WRIT OF CERTIORARI—APPEAL AND ERROR.

   Function of accompanying writ of certiorari is to supply material for determination of jurisdiction on *habeas corpus,* not to be a substitute for writ of error or to change scope of review.

6. CRIMINAL LAW—PLEA OF GUILTY—INVESTIGATION BY COURT.
    Investigation by court on plea of guilty is a proceeding in the
    course of trial the character of which is not required to be a
    matter of record (3 Comp. Laws 1929, § 17328).

7. SAME—INVESTIGATION BY COURT—SUFFICIENCY.
    The court judicially determined that his investigation made pur-
    suant to statute on plea of guilty by accused was in conformity
    to the law where record shows such investigation was made
    and sentence thereafter passed (3 Comp. Laws 1929, § 17328).

8. HABEAS CORPUS—APPEAL AND ERROR.
    An error in criminal proceedings that might require reversal on
    appeal cannot be passed upon by *habeas corpus*, where the
    trial court has jurisdiction.

*Habeas corpus* proceedings by Frank K. Harris
with accompanying certiorari to Edward D. Black,
Genesee circuit judge, to obtain release from State
prison at Jackson. Submitted February 7, 1934.
(Calendar No. 37,697.) Writ dismissed March 6,
1934.

*Frank K. Harris, in pro. per.*

FEAD, J. This is *habeas corpus*, with ancillary
writ of certiorari, to inquire into the legality of the
confinement of defendant in the State prison at
Jackson. Defendant contends:

1. That the court refused to appoint proper coun-
sel for him.

The appointment of counsel is discretionary with
the court and one who pleads guilty is not entitled to
such appointment. *People* v. *Williams,* 225 Mich.
133.

2. That the crime was not established on the
examination before the magistrate.

A plea of guilty is a waiver of examination (*Peo-
ple* v. *Sanford,* 233 Mich. 112), and, in any event,

the point cannot be raised on *habeas corpus. In re Ellis,* 79 Mich. 322.

3. That the court failed to make the statutory examination to determine whether defendant's plea of guilty was free, voluntary, without undue influence and with full knowledge of the accusation. 3 Comp. Laws 1929, § 17328.

The court records show that October 20, 1930, defendant was arraigned on a charge of forgery and uttering a forged check; that he stood mute and a plea of not guilty was entered in his behalf; that on November 5th he came voluntarily into court, withdrew his plea of not guilty, entered a plea of guilty to the information and sentence was deferred to November 8th; that on November 8th he was sentenced to a term of 5 to 14 years at the State prison at Jackson, the judgment entry reciting, in the usual language:

"The court before pronouncing sentence upon such plea, being satisfied after such investigation as was deemed necessary for that purpose, respecting the nature of the case and the circumstances of such plea, that the same was made freely and with full knowledge of the nature of said accusation and without any undue influence; and having been by the prosecuting attorney brought to the bar for sentence and having there been asked by the court if he had anything to say why judgment should not be pronounced against him and having said what he had to say."

Both jurisdiction and regularity of procedure appear on the records.

The stenographer's minutes of the proceedings of November 5th show that respondent was accompanied in court by two attorneys, one of whom announced that defendant was charged with forgery

and uttering a forged check; that defendant waived the reading of the information and entered a plea of guilty; the court questioned defendant briefly regarding his residence and family status and prior arrests, and the defendant stated he had just finished serving a term of two years when he was arrested for the instant offense and that his employers had made the check good. On November 8th the court examined defendant at greater length, stating that he had received letters and had interviews with persons regarding defendant, discussed prior arrests, and particularly the offense at bar. Defendant told the court of receiving four checks (one, the check at bar) from another person in 1928 and cashing all of them, two in Iowa, and "I entered a plea of guilty to that charge out there the same as I have here." The colloquy indicates that defendant is an intelligent man. He had had an examination at which he was represented by counsel and in which the details of the offense had been fully set out.

We need not enter into a discussion of the character and extent of an investigation in a plea of guilty which will satisfy the statute. Some of the early cases cited by defendant have been expressly overruled, as, for instance, *Edwards* v. *People,* 39 Mich. 760; *People* v. *Stickney,* 50 Mich. 99, holding that the examination should be private and not in the presence of officers; *Bayliss* v. *People,* 46 Mich. 221; *People* v. *Lewis,* 51 Mich. 172; *People* v. *Williams, supra.* See, also, *People* v. *Ferguson,* 48 Mich. 41; *People* v. *Utter,* 209 Mich. 214; *Clark* v. *People,* 44 Mich. 308.

*Habeas corpus* is not a substitute for writ of error to inquire into the regularity of the trial and conviction. On *habeas corpus* the question is solely one of jurisdiction of the court to enter the judgment of

conviction and sentence. *In re Gardner,* 260 Mich. 122; *In re Lamanna,* 263 Mich. 62. Without accompanying writ of certiorari, the question would be determined from the face of the records. The accompanying writ of certiorari is merely ancillary, not to be a substitute for writ of error nor to change the scope of review on *habeas corpus* but to supply material for determination of jurisdiction. *In re Gardner, supra; In re Moynahan,* 255 Mich. 497.

At bar, the court had jurisdiction of the offense and of the person of defendant and of the sentence imposed. The investigation on plea of guilty was a proceeding in the course of trial. The law does not require that its character be made a matter of record. The return on certiorari shows that the court made an investigation and the recital in the record of sentence demonstrates that it was in compliance with the statute. The court, therefore, judicially determined that the investigation it made was in conformity with the law. If it was in error in that respect, the remedy was by appeal, as on writ of error. But where the court has jurisdiction, an error in the proceedings cannot be passed upon by *habeas corpus* even though it would require reversal on appeal. *In re Ellis, supra; In re Krusiewicz,* 263 Mich. 74.

Writ will be dismissed.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.