## PEOPLE *v.* DOBINE.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER OF DEFECTS
—ARRAIGNMENT—APPOINTMENT OF ATTORNEY.

   A defendant who pleads at arraignment in trial court waives any
   defect there may have been at the preliminary examination
   which resulted in his being bound over for trial on charges
   of unlawful possession of narcotics and the unlawful sale
   thereof, such as an omission to have an attorney appointed who
   was satisfactory to the defendant, especially where defendant's
   request to defend himself had been granted (CLS 1956, §§
   335.51, 335.52).

2. SAME—NARCOTICS—EVIDENCE—INFERENCE OF PREVIOUS PURCHASE.

   Claim of error in admission of testimony of people's witness in
   prosectuion for unlawful possession of narcotics and the unlaw-
   ful sale thereof wherein jurors might have inferred from the
   answer of the witness that she had made previous purchases of
   narcotics *held,* not well-founded, where no objection was made
   at the time, the answer given was not irresponsive, and record
   does not indicate the answer was given intentionally at the
   pressing cross-examination (CLS 1956, §§ 335.51, 335.52).

3. EVIDENCE—OBJECTION.

   Error cannot be assigned upon testimony received at the trial
   without objection.

4. CRIMINAL LAW—NARCOTICS—CREDIBILITY OF INFORMER.

   Evidence presented in prosecution for unlawful possession of
   narcotics and the unlawful sale thereof *held,* sufficient to justify
   verdict of guilty, where credibility of witness who had func-
   tioned as an *informer* was for the jury to determine (CLS
   1956, §§ 335.51, 335.52).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Criminal Law §§ 240, 249, 257.
[2] 20 Am Jur, Evidence § 245 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 602 *et seq.*
[4] 58 Am Jur, Witnesses § 860 *et seq.*

Appeal from the Recorder's Court of Detroit. Ricca (John A.), J. Submitted November 8, 1963. (Calendar No. 101, Docket No. 50,054.) Decided December 2, 1963. Rehearing denied April 6, 1964.

Willie J. Dobine was convicted of violating the State narcotic law by illegal possession and sale. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* and *Dominick R. Carnovale,* Assistant Prosecuting Attorneys, for the people.

*Goodman, Crockett, Eden, Robb & Philo (Claudia H. Shropshire,* of counsel), for defendant.

CARR, C. J. Defendant was tried before a jury in the recorder's court of the city of Detroit on charges of the unlawful possession of narcotics and the unlawful sale thereof.* The date of the offenses was alleged as March 20, 1961. The jury returned verdicts of guilty on both charges and sentences were imposed. Defendant's motion for a new trial was denied and, on leave granted, he has appealed to this Court.

On behalf of appellant it is argued that he was without the assistance of counsel at the preliminary examination on the charges against him, and that error was committed in this respect amounting to a denial of due process. The transcript of the proceedings had on the examination indicates that an attorney undertook to represent defendant, prior counsel having withdrawn from the case, but ap-

_____

* See CLS 1956, §§ 335.51, 335.52 (Stat Ann 1957 Rev §§ 18.1122, 18.1123).—REPORTER.

parently without proper authorization to do so. Defendant requested that he be allowed to defend himself. It appears that he did so, cross-examining the witnesses for the people and indicating some degree of familiarity with court procedure. It does not appear that on the examination he requested the appointment of an attorney, although at the direction of the judge conducting the proceeding the counsel who had appeared was directed to take his place beside defendant, presumably for the purpose of rendering any assistance that the latter might request or require. The examination resulted in defendant being bound over on both of the charges against him.

On his arraignment in recorder's court, following the examination, defendant pleaded not guilty. By so doing he waived any defect, if such there was, with reference to the preliminary examination. Citing several prior decisions, it was said in *People* v. *Tate,* 315 Mich 76, 79, 80:

"The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination."

The above statement was quoted with approval and followed in *People* v. *Paugh,* 324 Mich 108, 112. It was also quoted in the more recent decision of this Court in *People* v. *Barmore,* 368 Mich 26, 31.

In the case at bar appellant's attempt to raise the question based on the alleged failure of the judge conducting the preliminary examination to appoint counsel satisfactory to defendant comes too late. It does not appear that he was prejudiced because his request to defend himself was granted, especially in view of the fact that an attorney was seated at his

side pursuant to the direction of the judge. If he needed assistance he might have obtained it: We think the claim of error in this regard is without substantial merit but, in any event, under the rule recognized in the decisions above cited he waived the right to raise the question by pleading to the merits of the information.

It is further claimed in appellant's behalf that error resulted from the failure of the court to strike out certain testimony adduced on cross-examination of the people's principal witness by the attorney for appellant. The witness in question was a woman who had been arrested previously on a charge of violating the narcotics law, and who apparently gave information to police officers with reference to defendant's activities. An arrangement was made whereby she undertook to go to the apartment occupied by defendant and there make a purchase of narcotics from him. The testimony in the record before us discloses that she was searched by a matron of the police department before starting on the mission in question, and that she was given money by police officers with which to make the contemplated purchase. Police officers watched her enter the apartment building where defendant lived, and waited until she came out later with capsules in her possession containing heroin which she claimed to have purchased from defendant.

As a witness on the trial the woman stated that she found defendant in his apartment, that she asked for the narcotic, that he said in substance that he did not have it but would procure it for her, that he left the apartment, and that, after a lapse of time, he returned with a powder which he proceeded to place in the capsules that she delivered to the police. That said capsules contained heroin was established on the trial by the testimony of a chemist. On the preliminary examination the witness had indicated

in substance that defendant, when she had requested the heroin, had gone into the bedroom of his apartment to procure it. On her cross-examination on the trial defendant's counsel dwelt at some length on the contradictory statements, cross-examining the witness in an apparent attempt to discover her reason for changing her testimony. Having established such testimony, counsel proceeded to interrogate her as follows, receiving the answers indicated:

"*Q.* All right. Now, were they true, your responses to them?

"*A.* Because he—no, because he went out and got it. But the reason—when he went to his bedroom so often, I got. .

"*Q.* I just asked you—

"*The Court*: Wait, let her answer the question.

"*A.* Until I was thinking that he went to his bedroom this time.

"*Q.* (By Mr. Hubbell): Uh-huh. Now, you want to change that testimony, is that right?

"*A.* No, I am not trying to change it, but I said he usually did go to his bedroom. So I got confused, and I thought he went to his bedroom this time."

It is claimed that defendant was prejudiced because jurors might have inferred from the answer of the witness that she had made previous purchases of narcotics from defendant. No motion was made to strike the answer on the ground that it was not responsive nor was the court requested to instruct the jury to disregard it. It is insisted, however, that the failure of the judge to take such action constituted reversible error. The record indicates that the statement in question was made by the witness by way of explanation to defendant's counsel as to her reason for stating on the preliminary examination that defendant had gone into his bedroom to procure the heroin. It may not be said that it was wholly unresponsive, nor does the record indicate

that it was made intentionally. Rather, it was drawn forth from the witness by the pressing cross-examination in which counsel indulged. Furthermore, the language used did not contain a direct charge as to previous purchases. Had the trial judge pursued the course that it is now argued he should have observed, the jurors might well have concluded that he interpreted the answer of the witness as meaning that she had bought heroin before in defendant's apartment, and that he had gone into his bedroom to obtain it for her. In view of the circumstances under which the witness made the reply, above quoted, to counsel's questions, we conclude that the claim of error is not well-founded. In *People* v. *Guise*, 262 Mich 72, 73, it was said:

"Error cannot be assigned upon testimony received at the trial without objection."

The further claim is made by counsel for appellant that the testimony was insufficient to justify a verdict of guilty beyond a reasonable doubt. The claim apparently is that the jury should not have accepted the testimony given by the people's witness who made the alleged purchase of narcotics from the defendant. However, her testimony was not in dispute insofar as the facts involved in the purchase were concerned. Defendant did not testify in his own behalf. The question sought to be raised as to the sufficiency of the proof actually involves the credibility of the witness. The testimony in the case, including that of the witness herself, disclosed that she was a so-called "informer," and that she was employed by the police for the purpose of detecting violations of the narcotics law of the State. As the trier of the facts the jury was the final judge as to her credibility. The verdicts returned indicated the conclusions reached.

We find no reversible error in the case, and the conviction is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and O'HARA, JJ., concurred with CARR, C. J.

SMITH, J., concurred in result.