## PEOPLE v. CATTERSON.

### OPINION OF THE COURT.

1. CRIMINAL LAW—INFORMATION—FELONIOUS ASSAULT.

   Information which charges defendant with assault on another, defendant being armed with a knife, *held*, clearly to inform the accused that he will have to defend himself on the charge of using knife in the assault, and hence fairly to apprise accused and court of offense of assaulting another with a dangerous weapon (CL 1948, §§ 750.82, 767.45).

2. INDICTMENT AND INFORMATION—FELONIOUS ASSAULT—AMBIGUITY—PRELIMINARY EXAMINATION.

   Doubt as to information charging felonious assault which defendant claims was ambiguous because he could not tell whether he was accused of stabbing another or of being stabbed by another should have been cleared up when testimony at preliminary examination was that defendant had stabbed another (CL 1948, § 750.82).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—DEFECTS—WAIVER.

   Plea of guilty in circuit court to crime of felonious assault waives defects, if there were any, in sufficiency and propriety of evidence presented at preliminary examination (CL 1948, § 750.82).

4. SAME — ACCEPTANCE OF PLEA OF GUILTY — PROCEDURE — COURT RULES.

   Entire record in case where defendant pleaded guilty to charge of felonious assault *held*, to show that trial court complied with provisions of court rule governing procedure on acceptance of plea of guilty (CL 1948, § 750.82; GCR 1963, 785.3[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  6 Am Jur 2d, Assault and Battery § 91.
[2]  27 Am Jur, Indictments and Informations § 137 *et seq.*
[3]  21 Am Jur 2d, Criminal Law § 446.
[4, 5]  21 Am Jur 2d, Criminal Law § 484 *et seq.*

DISSENTING OPINION.

T. G. KAVANAGH, J.

5. CRIMINAL LAW—ACCEPTANCE OF PLEA OF GUILTY—PROCEDURE—
COURT RULE.

    *Record in case where defendant pleaded guilty to crime of felonious assault does not show that court complied with court rule governing procedure on taking plea of guilty, because it does not show that the court informed the accused of the nature of the accusation or the consequence of his plea (CL 1948, § 750-.82; GCR 1963, 785.3[2]).*

Appeal from Washtenaw; Ager (William F., Jr.), J. Submitted Division 2 May 13, 1965, at Detroit. (Docket No. 403.) Decided January 10, 1967.

Harvey L. Catterson was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert B. Creal,* Assistant Prosecuting Attorney, for the people.

*Clan Crawford, Jr.,* for defendant.

QUINN, P. J. On the evening of January 3, 1964, defendant got into a drunken fight outside a bar with his sometime friend, Sebert Donithan, who was cut by defendant's pocket knife during the fight. Defendant was arrested and charged with felonious assault in violation of CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277). Preliminary examination was had and defendant was bound over to circuit court. At arraignment in circuit court on the charge of felonious assault, defendant was offered counsel which he declined. Thereafter, he pleaded guilty as charged and was sentenced to prison for a term of 2–4 years. Postconviction counsel was appointed for him and this appeal followed.

Defendant assigns error in two respects in connection with the information: first, that the information does not allege use of a weapon in the assault, and second, that the information was defective because of ambiguity in identifying the person alleged to have committed the offense. The part of the information pertinent to these objections is:

"Harvey L. Catterson * * * being then and there armed with a dangerous weapon, to-wit: a knife, with force and arms in and upon one Sebert Donithan, feloniously did make an assault, and he the said Sebert Donithan, then and there did beat, bruise, wound and ill treat."

The statute under which defendant was charged reads in part, "assault another with * * * dangerous weapon." Defendant suggests that the information quoted could be understood to charge an assault while bearing but not using the dangerous weapon and thus claims that it contains no allegation of violation of the statute. This strikes us as a strained construction to which the statute might similarly be subjected. We do not read either that way. The information alleging an assault being armed with a knife clearly informs the accused that he will have to defend himself on the charge of using a knife in the assault. This is sufficient to comply with CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985) which provides pertinently, "the indictment or information shall contain:

"1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged."

We find no error in this respect.

The claim that the information was defective for ambiguity in identifying the person alleged to have

committed the offense is groundless. This ancient form with its archaic language confused the defendant, he now says, and he could not tell whether he was accused of stabbing Sebert Donithan or was accused of being stabbed by Sebert Donithan. The testimony at the examination should have cleared up this doubt when it was stated that the defendant had stabbed Donithan.

Two other assignments of error are concerned with the evidence produced at the preliminary examination. The first challenges the sufficiency and the second the propriety of such evidence. By pleading guilty in circuit court, defendant waived any defect, if such there was, with reference to the preliminary examination. *People* v. *Dobine* (1963), 371 Mich 593.

Defendant's final allegation of error is that the record fails to show compliance with GCR 1963, 785.3(2). A reading of the entire record convinces this court that the trial court complied with the provisions of the rule under the decision of *People* v. *Bumpus* (1959), 355 Mich 374.

Affirmed.

FITZGERALD, J., concurred with QUINN, P. J.

T. G. KAVANAGH, J. (*dissenting*). I cannot agree that the provisions of GCR 1963, 785.3(2) were satisfied. The record does not show that the court informed the accused of the nature of the accusation or the consequence of his plea.

I would set aside the conviction and order a new trial.