PEOPLE v. COMBS

1. CRIMINAL LAW—GUILTY PLEA—VOLUNTARY PLEA—WITHDRAWAL OF PLEA.
   Where record establishes that defendant voluntarily and without compulsion or promise of leniency pleaded guilty to a charge of indecent liberties with a female child, and a preliminary examination by the court established the crime and defendant's participation in it, the denial of his motion made after sentence to withdraw the plea was not an abuse of discretion.

2. SAME—GUILTY PLEA—POSSESSION OF BURGLARY TOOLS—WITHDRAWAL.
   Where record establishes that defendant voluntarily and without compulsion or promise of leniency pleaded guilty to a charge of possession of burglary tools, and a preliminary examination by the court showed that defendant was in possession of burglary tools but failed to disclose possession with the intent to use or employ them for purposes of burglary, denial of defendant's motion made after sentence to withdraw the plea was an abuse of discretion.

Appeal from Monroe, Weipert (William J., Jr.), J. Submitted Division 2 December 5, 1968, at Lansing. (Docket No. 3,609.) Decided December 31, 1968.

Dewey Combs pleaded guilty to charges of indecent liberties and possession of burglary tools. Plea of guilty as to both counts accepted and defendant after sentence moved to withdraw pleas

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 503 et seq.

of guilty. Motion denied. Defendant appeals. Affirmed as to the indecent liberties charge but reversed and remanded as to the charge of the possession of burglary tools.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul E. Braunlich,* Prosecuting Attorney, for the people.

*Scharf, Hagemeyer & White,* for defendant on appeal.

QUINN, J.   Defendant has appealed from the trial. court's denial of his motion to withdraw pleas of guilty after sentence and enter pleas of not guilty with a demand for jury trial. The motion was addressed to the trial court's discretion and the question before this Court is whether the record establishes an abuse of discretion. *People* v. *Wilkins* (1966), 3 Mich App 56.

Defendant was arrested August 4, 1958 on a warrant charging him with statutory rape, CL 1948, § 750.520, as amended by PA 1952, No 73 (Stat Ann 1954 Rev § 28.788), and indecent liberties, CL 1948, § 750.336 (Stat Ann 1954 Rev § 28.568). He had a preliminary examination on these charges September 16, 1958, at which he was represented by counsel, who continued to represent him through sentence. Defendant was bound over to circuit court for trial on the same charges September 16, 1958 and was informed against on such charges on September 19, 1958. He was released on bond September 23, 1958 and was arraigned September 24, 1958. Defendant stood mute at arraignment, a plea of not guilty was entered for him, his bond was continued and he waived jury trial.

October 13, 1958, defendant was surrendered to
the court by his bondsman and remanded to custody.
The apparent reason for this action was defendant's
arrest on a charge of possession of burglary tools,
CL 1948, § 750.116 (Stat Ann 1962 Rev § 28.311),
on that same day. Defendant waived examination
of this charge and was informed against thereon
on November 6, 1958 and was arraigned the same
day with his counsel present.

On November 6, 1958, the transcript establishes
that defendant freely, understandingly and voluntar-
ily, without undue influence, compulsion, or duress,
and without promise of leniency, pleaded guilty
to the charge of indecent liberties and the prosecut-
ing attorney agreed to drop the statutory rape
charge.

The same transcript establishes that on the same
day defendant was arraigned on the charge of pos-
session of burglary tools, and again the record es-
tablishes an acceptable plea of guilty.

On this appeal, defendant attacks both guilty pleas
as not having been voluntary. His present recant-
ing does not overcome the record of voluntariness
made at the time of arraignment.

Defendant also attacks the pleas on the basis he
was not questioned by the trial judge relative to the
facts of the crimes and defendant's participation
therein, as required by *People* v. *Barrows* (1959),
358 Mich 267. A review of the record on the in-
decent liberties conviction discloses a preliminary
examination which established the crime and defend-
ant's participation in it. With this information at
hand, the trial judge did not abuse his discretion in
denying defendant's motion to withdraw his plea.

A review of the record on the possession of burg-
lary tools conviction discloses possession of tools

properly categorized as burglary tools, but it fails to disclose possession "with intent to use or employ the same for purposes of burglary" as the statute requires. With this deficiency in the record, it was an abuse of discretion not to grant defendant's motion to withdraw plea.

The conviction on the charge of indecent liberties is affirmed. The conviction on the charge of possession of burglary tools is reversed and the case is remanded for further proceedings.

T. G. KAVANAGH, P. J., and MILLER, J., concurred.