## PEOPLE *v.* FELDER

CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA.

A plea of guilty to a charge of unarmed robbery was properly accepted where the defendant was represented by counsel, the court extensively advised him of his rights, and the defendant provided a sufficient factual basis for the court's accepting the plea by answering that he committed a robbery at a certain place, and that he knew it was against the law.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 May 5, 1970, at Detroit. (Docket No. 6,937.) Decided June 29, 1970. Leave to appeal denied August 11, 1970. 383 Mich 815.

Glenn R. Felder was convicted, on his plea of guilty, of robbery unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid Defender Association of Detroit), for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 487 *et seq.*

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

Per Curiam. Defendant, while represented by counsel, tendered a plea of guilty to the included offense of robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). The plea was accepted by Wayne County Circuit Court Judge Horace W. Gilmore and defendant was subsequently sentenced to a term of two to ten years imprisonment. A timely claim of appeal filed in this Court by appointed appellate counsel is grounded solely on the contention that the lower court failed adequately to examine the defendant as to the facts of the crime. The people have filed a motion to affirm the conviction on the grounds that the question presented is so unsubstantial as to warrant no argument or formal submission.

After conducting an extensive examination of the defendant which served to advise him of his rights and allow for a determination of the voluntariness of the plea, the court asked:

"*Court:* All right. Tell me what you did on May 24 in Hamtramck?

"*Defendant:* I committed a robbery at Miller's Inn.

"*Court:* At what?

"*Defendant:* At the Miller's Inn.

"*Court:* Let's see. You were one of three, with the two previous defendants?

"*Defendant:* Yes, sir.

"*Court:* At the time you committed this robbery, you knew it was against the law?

\*          \*          \*

"*Defendant:* Yes, I did."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

At the commencement of the arraignment proceeding defendant was expressly informed by the court that it was charged that he "held up one Michael O. Dinetz on the 24th day of May, 1968, in the City of Hamtramck, Michigan". He acknowledged the charge and pleaded guilty.

These facts, coupled with the preliminary examination transcript (which included the eyewitness testimony of the victim and a customer), provide a sufficient factual basis for the plea. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Combs* (1968) 15 Mich App 450.

The motion to affirm is granted.