PEOPLE *v.* RUFUS WILLIAMS

1. CRIMINAL LAW—ARRAIGNMENT—COURT RULE—PLEA OF GUILTY—
RIGHTS OF ACCUSED—CONSTITUTIONAL LAW.

An accused who is represented by an attorney at arraignment
cannot later complain that the trial judge failed to advise
him, as required by court rule governing pleas of guilty, that
he was entitled to trial by jury or by the court, and to ex-
plain to him the nature, and distinction between degrees, of
the offense charged (GCR 1963, 785.3[1]).

2. CRIMINAL LAW—ARRAIGNMENT—COURT RULE—PLEA OF GUILTY—
MOTION TO WITHDRAW—CONSTITUTIONAL LAW.

Denial of defendant's post-conviction motion to withdraw his
plea of guilty of second-degree murder was proper where the
trial judge's interrogation of defendant before accepting his
plea of guilty was sufficient under court rule where defendant
at the time he pleaded guilty was represented by an attorney
who, after defendant moved to set aside his plea, submitted
an affidavit stating that affiant had not only advised defendant
of his right to trial by jury or by the court but also of the
nature of the homicide charge against him, of the lesser in-
cluded offenses, and of the penalties for first- and second-
degree murder (GCR 1963, 785.3[1]).

3. HOMICIDE—MURDER—DEGREES—PLEA OF GUILTY.

A defendant who pleads guilty of a lesser included offense is not
prejudiced by any trial court failure to explain to him the

REFERENCES ·FOR POINTS IN HEADNOTES

[1–4, 6–10] 21 Am Jur 2d, Criminal Law § 485 *et seq.*
  Propriety and prejudicial effect of showing, in criminal case, with-
    drawn guilty plea.   86 ALR2d 326.
  Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof.   97
    ALR2d 549.
[5] 40 Am Jur 2d, Homicide §§ 129, 131.
  Modern status of the rules as to voluntary intoxication as defense
    to criminal charge.   8 ALR3d 1236.

difference between the greater crime and the lesser included offenses; consequently, defendant who pleaded guilty to second-degree murder, was not prejudiced by the trial court's failure to explain to him the difference between first- and second-degree murder.

4. Homicide—Second-Degree Murder—Voluntary Manslaughter —Distinction—Failure to Explain—Plea of Guilty—Criminal Law.

Trial court's failure to explain the difference between second-degree murder and voluntary manslaughter does not justify setting aside defendant's plea of guilty of second-degree murder, where the defense asserted was intoxication and not that the defendant killed the victim in a heat of passion produced by adequate provocation or under other circumstances of mitigation, since failure to explain the difference between those offenses was inconsequential.

5. Homicide—Murder—Degrees—Intoxication Defense—Criminal Law.

It is doubtful whether intoxication is a defense to a charge of second-degree murder in Michigan.

6. Homicide—Murder—Degrees—Intoxication Defense—Plea of Guilty—Lesser Included Offense.

A factual and legal basis existed for defendant's plea of guilty of second-degree murder where witnesses testified that defendant, armed with a revolver, fatally shot his former girl friend without provocation, and defendant might have been convicted of first-degree murder had he stood trial either because he was unable to establish factually that he was intoxicated at that time or because intoxication is not a defense and where he offered to plead guilty of second-degree murder.

7. Criminal Law—Court Rule—Examination of Accused—Corpus Delicti—Plea of Guilty—Nonretroactive Application.

Defendant was not entitled to have his plea of guilty of second-degree murder set aside because the trial judge failed to question him regarding his participation in the commission of that crime where defendant pled guilty before November 25, 1959, the date on which the Supreme Court elucidated the requirement that a trial judge before accepting a plea of guilty conduct such an examination; and where defendant, in post-conviction proceedings to set aside that plea, did not deny that he committed that crime but contended instead that he was not criminally responsible because of intoxication, where

the preliminary examination record tended to show that he had committed the crime and facts related in open court in defendant's presence, shortly before he pled guilty, were, if true, sufficient to support his conviction.

8. CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION—DEFECTS—WAIVER.

Plea of guilty of the offense charged waives any defect in the conduct of the preliminary examination, including the failure to appoint counsel to represent the accused at that examination.

CONCURRING OPINION
DANHOF, J.

9. CRIMINAL LAW—PLEA OF GUILTY—MOTION TO WITHDRAW—DENIAL—DISCRETION—COURT RULES.

*Trial court did not abuse its discretion in failing to set aside defendant's plea of guilty where at arraignment, with advice and assistance of counsel he entered a plea of guilty of second-degree murder and the court not only ascertained the facts of that crime but also was satisfied that the plea was voluntarily and intelligently made as required by statute and court rule (MCLA § 768.35; GCR 1963, 785.3[1]).*

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 November 12, 1969, at Lansing. (Docket No. 5,599.) Decided April 29, 1970. Leave to appeal granted July 16, 1970. 383 Mich 805.

Rufus Williams was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*George L. Baer,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DAN-HOF, JJ.

LEVIN, J. The defendant, Rufus Williams, pled guilty to second-degree murder. The plea was accepted and on October 19, 1959 he was sentenced to life in prison.

The questions presented concern the sufficiency of the judge's interrogation of Williams before his plea of guilty was accepted.

This appeal follows the trial court's denial of Williams' petition, filed June 13, 1966, to withdraw his guilty plea. In his petition Williams alleged that he was intoxicated at the time the crime was committed and that the elements of the charged offense, first-degree murder, and the distinction between first- and second-degree murder and his right to be tried by a jury or the court were not explained to him before he pled guilty.

At the time Williams pled guilty, Court Rule No 35A (1945) governed the taking of guilty pleas. The rule required the court to advise an accused person not represented by counsel of his right to a trial by jury. In *People* v. *La Roe* (1969), 18 Mich App 262, we held that the corresponding requirement in the currently effective court rule, GCR 1963, 785.3(1), does not require a trial judge to give such advice to an accused person who is represented by counsel. Williams was represented by counsel when he pled guilty.

Moreover, we note that at the time Williams pled guilty, he was 49 years of age and had an extensive history of criminal conviction and incarceration going back over 20 years. Also, the attorney who represented Williams when he pled guilty submitted an affidavit stating that he had advised Williams of his right to a trial by jury or by the court, of the

nature of the charge against him, of the lesser included offenses and of the penalties for first- and second-degree murder.

Since Williams pled guilty to second-degree murder, Williams could not have been prejudiced by any failure to have explained to him the difference between first- and second-degree murder. And, since the defense now asserted is intoxication, not that Williams killed the victim in the heat of passion produced by adequate provocation or under other circumstances of mitigation,[1] any failure to have explained the difference between second-degree murder and voluntary manslaughter was probably inconsequential and would not now justify setting aside his plea of guilty.[2]

Even if, as Williams claims, he was so deeply intoxicated that he was not aware of what he was doing, it is doubtful whether intoxication is a defense to second-degree murder in Michigan.[3] The intoxication defense is discussed at length in *People* v. *Kelley* (1969), 21 Mich App 612, n 14, citing Michigan precedent that intoxication is not a defense even to first-degree murder.[4]

Witnesses testified at the preliminary examination that Williams came armed with a revolver to the apartment of the victim, a former girl friend, and that he shot her without provocation. It thus

---

[1] See Perkins, Criminal Law (2d ed), pp 52, 59, 70.

[2] See, however, footnote 4.

[3] See *People* v. *Guillett* (1955), 342 Mich 1, 6.

[4] See *People* v. *Garbutt* (1868), 17 Mich 9.

*Garbutt* can, indeed, be distinguished (see *People* v. *Kelley, supra,* p 629, fn 28). In some jurisdictions intoxication may be shown to negative the premeditation and deliberation required to prove first-degree murder; in many of these jurisdictions it is not a defense to second-degree murder. In still other jurisdictions the defense is allowed to negative murder and to reduce the killing to voluntary manslaughter. See Anno: Voluntary Intoxication as a Defense to Homicide, 12 ALR 861, 79 ALR 897; Note, Intoxication as a Criminal Defense, 55 Colum L Rev 1210 (1955); Perkins on Criminal Law (2d ed), pp 91, 92.

appears that if intoxication is not a defense to first-degree murder or Williams could not have factually established an intoxication defense,[5] he might have been convicted of first-degree murder had he stood trial. It is, therefore, understandable that he might have decided to forego a possibly legally or factually insufficient intoxication defense and offered to plead guilty to second-degree murder. There was a factual and legal basis for his guilty plea.[6]

When Williams pled guilty, he was not directly questioned by the judge for the purpose of establishing that a crime was committed and that he participated in its commission, as required by *People* v. *Barrows* (1959), 358 Mich 267, 277. *Barrows* held that such questioning was required by rule 35A and CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058). While this requirement has precedential support in

---

[5] *Cf. People* v. *Paul* (1968), 13 Mich App 175, 177.

[6] We recognize that the "frequently one-sided examination testimony" may not be considered as a factor in granting or denying a motion to withdraw a guilty plea (*People* v. *Zaleski* [1965], 375 Mich 71, 81) but, as we have said before *People* v. *Bartlett* [1969], 17 Mich App 205, 210), preliminary examination testimony may be considered in deciding whether there is a factual basis for a guilty plea.

The holding of Williams' preliminary examination without the presence of counsel representing him makes that record even more one-sided. We acknowledge this deficiency and that there may be cases where we will not feel justified in placing any reliance upon such a record even to establish a factual basis for a guilty plea. Here, however, witnesses testified in detail as to the commission of the offense. Furthermore, the defense now advanced is lack of criminal responsibility, not that the defendant did not kill the victim.

There are, indeed, other distinctions between this and the *Bartlett* case. The defect noted in *Bartlett* was the failure of the trial judge to establish an element of the offense through the defendant's own statements; upon review of the examination testimony we were satisfied that the necessary element would have been established at the trial and that there was a factual basis for his plea.

The differences between this and the *Bartlett* case have been carefully considered. They do not alter our impression, upon reading the entire preliminary examination transcript and the entire record in this case, that Williams' plea of guilty should not be set aside because of the failure of the trial judge directly to question him before accepting his pre-*Barrows* guilty plea.

early Michigan cases,[7] *Barrows* was the first modern case clearly reiterating and reaffirming this requirement.[8]

Williams' plea of guilty was accepted before the date (November 25, 1959) on which *Barrows* was decided.  In *People* v. *Combs* (1968), 15 Mich App 450, another case concerning pre-*Barrows* guilty pleas, the defendant pled guilty on November 6, 1958 to separate charges of taking indecent liberties[9] and to possession of burglary tools.[10]  The trial judge had failed to examine Combs regarding his participation in the commission of either offense before he accepted the guilty pleas.  There was a preliminary examination on the indecent liberties charge, but Combs had waived examination on the burglary tools charge.  We held that, under the circumstance that the preliminary examination on the indecent liberties charge established the crime and Combs' participation in it, the judge did not abuse his discretion in denying Combs' post-convic-

---

[7] See, *e.g.*, *Edwards* v. *People* (1878), 39 Mich 760; *Henning* v. *People* (1879), 40 Mich 733.

[8] Pre-*Barrows* cases where it was held that the defendant's conviction upon a plea of guilty would not be upset although his participation in the commission of the crime had not been established on the record include *People* v. *Harris* (1934), 266 Mich 317; *People* v. *Funk* (1948), 321 Mich 617; *People* v. *Crane* (1949), 323 Mich 646.

In *People* v. *Merhige* (1920), 212 Mich 601, the guilty plea was set aside, not because of the inadequacy of the examination of the defendant by the trial judge, but rather because the examination supported the defendant's claim that his plea was not well advised and voluntary.

With the exception of *People* v. *Combs* (1968), 15 Mich App 450, in the cases where our Court has reversed convictions upon pleas of guilty because of noncompliance with *Barrows*, the plea was accepted after the announcement of the *Barrows* decision; see, *e.g.*, *People* v. *Perine* (1967), 7 Mich App 292; *People* v. *Richard E. Johnson* (1967), 8 Mich App 204; *People* v. *Mason* (1968), 13 Mich App 277.  *Cf. People* v. *Creger* (1969), 16 Mich App 59.  See, also, *People* v. *Seifert* (1959), 17 Mich App 187, where a pre-*Barrows* plea was not set aside.

[9] MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).

[10] MCLA § 750.116 (Stat Ann 1962 Rev § 28.311).

tion motion to withdraw his plea; however, the possession of burglary tools conviction was set aside because of the judge's failure to conduct the examination required by *Barrows*. See, also, *People* v. *Bartlett* (1969), 17 Mich App 205, discussed in footnote 6.

As previously mentioned, the testimony at Williams' preliminary examination demonstrates that there was a factual basis for his plea of guilty to second-degree murder. The defense now asserted is intoxication, not that Williams did not kill the victim. And, as we have already observed, intoxication may not be a legally sufficient defense. Moreover, before accepting Williams' plea, the trial judge inquired regarding the facts, and they were adequately summarized in open court by the prosecutor; it has not been claimed then or now that the facts were inaccurately stated.

We hold that where an accused person pled guilty before *Barrows* was decided, and the defense advanced in post-conviction proceedings is lack of criminal responsibility, not that the defendant did not commit the crime, and the preliminary examination record tends to show that the defendant committed the crime, and facts were related (albeit not by the defendant himself) in open court in the defendant's presence shortly before his plea of guilty was accepted which, if true, are sufficient to support a conviction, the failure of the trial judge to question the defendant regarding his participation in the commission of the crime does not require that his plea of guilty be set aside.

Defendant also complains because he was not represented at the preliminary examination by counsel. However, just as a defendant can waive preliminary examination, so, too, by pleading guilty he is deemed to have waived any defect in the con-

duct of the examination,[11] including a failure to appoint counsel.[12]

Affirmed.

T. M. Burns, J., concurred.

Danhof, J., concurred separately.

Danhof, J., (concurring). I concur with the majority, except I cannot accept that *People v. Barrows* (1959), 358 Mich 267, 277 requires what the majority has herein stated.

---

[11] A guilty plea waives a failure to conduct a preliminary examination (*People v. Losinger* [1951], 331 Mich 490; *In re Reno* [1948], 321 Mich 497; *People v. Sanford* [1925], 233 Mich 112; *People v. Harris* [1906], 144 Mich 12; *People v. Williams* [1892], 93 Mich 623; *People v. Jones* [1871], 24 Mich 215; *Washburn v. People* [1862], 10 Mich App 372) and any defect in the examination (*People v. Tate* [1946], 315 Mich 76; *People v. Harris* [1934], 266 Mich 317; *People v. Gleason* [1886], 63 Mich 626; *People v. Doran* [1967], 6 Mich App 86; *People v. Catterson* [1967], 5 Mich App 488).

[12] Compare *People v. Dobine* (1963), 371 Mich 593; *People v. Robbins* (1967), 6 Mich App 633; *People v. Sharp* (1967), 9 Mich App 34.

The issue whether an indigent defendant is entitled to the appointment of counsel at preliminary examination and the consequence of any failure to advise a defendant of such a right and to appoint counsel has not been squarely decided in this State. In *Sharp* there was, as here, a delayed appeal from an old conviction. Sharp had been convicted in 1951; our Court observed that when Sharp's (p 40) "preliminary examination was conducted, representation of a defendant by an attorney was permissible but not mandatory. *People v. Podolski* (1952), 332 Mich 508." In both *Dobine* and *Sharp* the defendant was represented at trial by assigned counsel who, it seems, did not complain of the failure of the defendant to have been represented by counsel at the preliminary examination. In both cases the court carefully noted that that the defendant had failed to show any prejudice resulting from his lack of counsel at the preliminary examination. See, also, *People v. Douglas* (1966), 4 Mich App 208; Hunvold, The Right to Counsel at Preliminary Examination, 31 Mo L Rev 109 (1966).

See, also, *Hamilton v. Alabama* (1961), 368 US 52 (82 S Ct 157, 7 L Ed 2d 114), where it was held that the failure to appoint counsel at arraignment deprived the petitioner of due process, notwithstanding the fact that he simply pled not guilty at that time, because under Alabama law certain defenses had to be raised then or abandoned.

An examination of this record discloses that the trial court did not abuse its discretion in failing to set aside the guilty plea conviction. At the time of defendant's arraignment on September 22, 1959, the defendant with the advice and assistance of counsel entered a plea of guilty to second-degree murder. The court ascertained the facts of the crime and was satisfied that the plea was voluntarily and intelligently made as required by Court Rule 35A, now GCR 1963, 785.3(1) and the statute MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). There was no miscarriage of justice. *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Stearns* (1968), 380 Mich 704.

Conviction affirmed.