PEOPLE *v.* ROBBINS.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—TRIAL— CONFESSIONS—STATEMENTS—ASSISTANCE OF COUNSEL—PROSPECTIVE OPERATION OF PRECEDENTS.

The rule that statements of a criminal defendant are inadmissible in evidence, where obtained by police after denial of a request for counsel and without warning of defendant's right to remain silent, applies only in cases tried after June 22, 1964.

2. SAME—ASSISTANCE OF COUNSEL—RIGHT TO REMAIN SILENT—PROSPECTIVE OPERATION OF PRECEDENTS.

The rule that statements obtained from a criminal defendant are inadmissible in evidence, where obtained by police without first warning defendant of his right to counsel and his right to remain silent, applies only to cases tried after June 13, 1966.

3. SAME—ARRAIGNMENT—ENTRY OF PLEA—WAIVER.

Entry of a plea upon arraignment in circuit court waives all defects which may have occurred before the examining magistrate.

4. SAME—COURT RULES—DUE PROCESS—ARRAIGNMENT—GUILTY PLEA —WAIVER.

Claim that defendant was denied due process of law through the failure of interrogating officers and the examining magis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  29 Am Jur 2d, Evidence § 545 *et seq.*
[3, 4]  21 Am Jur 2d, Criminal Law § 446.

trate to warn him of his constitutional right to counsel *held*, without merit, where defendant's trial occurred prior to June 13, 1966, and defendant had voluntarily waived his right to counsel and entered a plea of guilty upon arraignment in the circuit court which advised defendant of his rights before receiving his plea, and complied fully with the court rule applicable to criminal cases (GCR 1963, 785.3).

Appeal from Roscommon; Stephens (Rupert B.), J., presiding. Submitted Division 3 December 7, 1966, at Lansing. (Docket No. 834.) Decided May 9, 1967.

Darson Terry Robbins was convicted on a plea of guilty to breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John R. Hembree,* Prosecuting Attorney, and *James N. McNally,* Special Prosecuting Attorney, for plaintiff.

*Norman K. Marsh,* for defendant.

HOLBROOK, J. On February 3, 1965, defendant pleaded guilty in the circuit court for Roscommon county, to the crime of breaking and entering with intent to commit larceny.[1] He was sentenced on April 6, 1965, to prison for a term of 1-1/2 to 10 years with a recommendation that he serve the minimum term.

On April 8, 1965, defendant petitioned the court for appellate counsel which was granted on the same day. Defendant has taken this appeal from the conviction and sentence and raises a single question for this Court to review: "Did the failure of the

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

arresting officer and the examining magistrate to advise defendant-appellant of his rights to counsel result in such deprivation of defendant-appellant's substantial rights as to void his subsequent conviction on his own plea of guilty?"

Defendant claims the facts to be as follows: That he was 22 years old and an unskilled laborer. That he was picked up by the State police in October, 1964, at his place of employment, and questioned concerning several breaking and enterings and larcenies committed in the Houghton Lake area. He was taken to view the scene of the crime herein charged, and caused to view some of the alleged stolen goods. At some time during the afternoon, the officer let defendant off at his home, picked up and interrogated one other suspect and then returned and picked up defendant again. At this time the police obtained a written statement from defendant, detailing the facts upon which the charge was thereafter brought. At no time did the officer advise defendant of his right to counsel. He was thereupon taken before the magistrate who advised him that he was being charged with breaking and entering with intent to commit a larceny, but did not advise him of his right to counsel. Defendant upon being advised of his right to have a preliminary examination, waived the same and was bound over to circuit court for trial. Defendant was released on bond. He appeared in circuit court February 3, 1965, and expressly waived his right to counsel and trial by jury, pleading guilty. His bond was continued and he returned to the circuit court on April 6, 1965, when he was sentenced by the Honorable Rupert Stephens.

Defendant claims that the failure of the police officer to advise him of his right to counsel and of his right to remain silent is fatal to the proceedings and the conviction and sentence must be vacated and set aside and the defendant released.

In a recent case, *People* v. *Griffin* (1966), 4 Mich App 604, with similar facts present as in the case at hand this Court, in considering *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977) as defined by *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882), stated on pp 608, 609 as follows:

"The *Johnson* decision also stated that the Court's holding in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), was to be available only to those defendants whose trials commenced after June 22, 1964. The *Escobedo* decision, therefore, *is* applicable to the instant case.

"The *Escobedo* decision has engendered considerable debate as to its precise holding. The Court in *Johnson,* however, has seemed to clarify the meaning of *Escobedo.* The Court at p 733 states:

"'Apart from its broad implications, the *precise* holding of *Escobedo* was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial, "[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, *the suspect has requested and been denied an opportunity to consult with his lawyer,* and the police have not effectively warned him of his absolute constitutional right to remain silent."' (Emphasis supplied.)

"Limited to this precise holding, it is clear that the *Escobedo* decision, also, is not applicable to the present case for the defendant at no time during the questioning requested and was denied an opportunity to consult with his lawyer. The *Escobedo* decision thus seems to be limited to its pertinent facts—*i.e.,* where the accused during interrogation had repeatedly asked to speak to his lawyer and such request was denied. That *Escobedo* does not

stand for the general proposition that the failure to advise a defendant of his right to remain silent is fatal to admission of inculpatory statements is made clear by this further quotation from the *Johnson* opinion at p 733:

· " 'We recognize that certain State courts have perceived the implications of *Escobedo* and have therefore anticipated our holding in *Miranda.* Of course, States are still entirely free to effectuate under their own law stricter standards than those we have laid down and to apply those standards in a *broader range of cases than is required by this decision.*' (Emphasis supplied.)

"Michigan has not interpreted the *Escobedo* decision insofar as it involves the necessity of a warning as to silence by arresting officers. *Since Escobedo, by its own terms, does not invalidate the instant conviction and since there is no Michigan authority for so holding, the present conviction should stand."* (Emphasis supplied.)

The case of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694) as interpreted by *Johnson* v. *New Jersey, supra,* provides that before an incriminating statement is taken from a defendant that he must be informed of his right to counsel. and his right to remain silent, and applies only to trials commenced after June 13, 1966,[2] and is therefore not applicable to the case at bar.

We rule that defendant's position is no more tenable than that of the defendant in *Griffin, supra,* and therefore must fail.

It was defendant's claim that failure of the examining magistrate to advise defendant of his right to counsel is also fatal to the proceedings. In *People* v. *Dobine* (1963), 371 Mich 593, Mr. Chief Justice CARR stated on pp 594, 595 in part as follows:

---

2 *Miranda* v. *Arizona* was decided on this date and *Johnson* v. *New Jersey* declared that *Miranda's* rule should be applicable to trials commenced thereafter.

"On behalf of appellant it is argued that he was without the assistance of counsel at the preliminary examination on the charges against him, and that error was committed in this respect amounting to a denial of due process. * * *

"On his arraignment in recorder's court, following the examination, defendant pleaded not guilty. By so doing he waived any defect, if such there was, with reference to the preliminary examination. Citing several prior decisions, it was said in *People* v. *Tate*, 315 Mich 76, 79, 80:

" 'The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination.'

"The above statement was quoted with approval and followed in *People* v. *Paugh,* 324 Mich 108, 112. It was also quoted in the more recent decision of this court in *People* v. *Barmore,* 368 Mich 26, 31."

It is not disputed that defendant expressly waived counsel in the circuit court and that the court complied fully with GCR 1963, 785.3. Under the record presented, the trial judge properly determined that the plea of guilty was freely, voluntarily and understandingly made.

In accord with *People* v. *Dobine,* supra, and the trial court's compliance with the applicable court rule, we conclude that defendant's claim of failure of due process is without legal basis.

Affirmed.

Quinn, P. J., and Fitzgerald, J., concurred.