PEOPLE v. BESS.

1. Criminal Law—Parole Violation—Hearing.

A paroled prisoner who is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor, is entitled to a fair and impartial hearing of such charges (CLS 1961, § 791.240).

2. Same—Parole Violation—Felony—No Hearing.

A parolee who is convicted of a felony or misdemeanor is not entitled to a hearing on the parole violation.

---

References for Points in Headnotes

[1, 2] 39 Am Jur, Pardon, Reprieve and Amnesty § 95.
[3] 8 Am Jur 2d, Bail and Recognizance § 8.
[4] 21 Am Jur 2d, Criminal Law § 495.

110          11 Mich App 109.          [Apr.

3. Same—Parole Violation—Denial of Bond—Felony—Due Process.
    Denial of bail bond on charge of armed robbery without a hearing where claimed parole violation was the armed robbery charged and defendant pled guilty *held,* not a denial of due process of law (CLS 1961, § 750.529).

4. Same—Arraignment—Entry of Plea—Waiver.
    Plea of guilty upon arraignment in circuit court waives all defects in the arraignment proceeding.

Appeal from Kent; Hoffius (Stuart J.), J. Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 2,305.) Decided April 10, 1968.

Nelson Bess was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Sherwin J. Venema,* Assistant Prosecuting Attorney, for the people.

*Edward B. Goodrich,* for defendant on appeal.

Wise, J. The defendant, Nelson Bess, on February 11, 1966, was charged with the crime of robbery armed.[1] Bond was subsequently set by the court at $5,000, subject to the approval of the defendant's parole officer. It was upon the advice of the parole officer that the defendant should not be released that the bond was canceled and the defendant was retained in custody.

On February 15, 1966, counsel was appointed to represent the defendant at the arraignment proceedings. On April 1, 1966, the defendant elected to plead guilty to the offense charged. The court examined the defendant and was satisfied that the

1 CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

plea was advisedly and understandingly made and
was a result of defendant's own free will.[2]   The
plea of guilty was accepted and the defendant was
sentenced to a term of 8 to 10 years in prison.   The
present appeal followed.

On appeal the defendant contends that he was
denied due process of law as provided by the United
States Constitution and the Constitution of the
State of Michigan in that he was denied bond on
the basis of a parole violation without having been
afforded the right to a hearing on said parole
violation within the provision of CLS 1961, § 791.240
(Stat Ann 1954 Rev § 28.2310), the pertinent part
of which reads as follows:

"Whenever a paroled prisoner is accused of a
violation of his parole, other than the commission
of, and conviction for, a felony or misdemeanor un-
der the laws of this state, he shall be entitled to a
fair and impartial hearing of such charges."

It does not require mental gymnastics to discover
the clear meaning of the above provision.   When a
paroled prisoner is convicted of a felony or mis-
demeanor, a hearing on that parole violation is dis-
pensed with.   Such was the situation in the instant
case.   The purpose of the statute is to afford an ac-
cused parole violator, when the violation involves
something less than a felony or misdemeanor, with
safeguards to insure that the alleged violation is
sufficiently substantiated.   In the case of a parole
violation involving a crime, similar safeguards at-
tach, but a trial instead of a hearing affords the
protection.

Assuming *arguendo* that the defendant was en-
titled to a hearing, it is difficult to discern how the
absence of a hearing and the denial of a bond in

2 GCR 1963, 785.3(2).

any way affected the voluntariness of the plea of guilty. The defendant makes no such claim and the record of the proceedings reveals nothing that would corroborate such a claim. Further if there were any irregularities in the arraignment proceeding the defendant by electing to plead guilty has effectively waived them. See *People* v. *Robbins* (1967), 6 Mich App 633, and cases cited therein.

After thorough review of the proceedings below, we find the defendant was afforded every right consistent with due process of law. Although diligent effort was expended by appellate counsel, the allegations of error are without basis in law or in fact.

Affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.