PEOPLE *v.* MALCOM

CRIMINAL LAW — SELF-INCRIMINATION — PLEA OF GUILTY — VOLUNTARINESS.

A defendant need not be warned of his privilege against self-incrimination before a plea of guilty can be accepted as being voluntarily and understandingly made.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 August 4, 1970, at Lansing. (Docket No. 8,529.) Decided October 6, 1970.

Osborn K. Malcom was convicted, on his plea of guilty, of assault with intent to rob while being armed. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Athur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 359 *et seq.*

Per Curiam. This case is submitted on the people's motion to affirm pursuant to GCR 1963, 817.5(3). The defendant, while represented by counsel, pled guilty to a charge of assault with intent to rob while being armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

On appeal the defendant makes two contentions. First, that the trial court did not establish sufficient facts to support a guilty plea. Second, that the requirements of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) were not met because the trial court did not inform him of his privilege against self-incrimination before accepting the plea.

In regard to the defendant's first contention, it is sufficient to say that the record reveals an ample factual basis to support the plea.

The defendant's second contention is also without merit. The meaning of *Boykin* was considered in *People* v. *Jaworski* (1970), 25 Mich App 540, where it was held that *Boykin* requires that the record affirmatively show that the plea was made understandingly and voluntarily. Under *Jaworski* it is not necessary that the defendant be informed of his privilege against self-incrimination before his plea can be accepted.

The motion to affirm is granted.