PEOPLE *v.* McCLENDON

CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS.

> United States Supreme Court decision is devoid of any specific language requiring an express enumeration and specific waiver of the constitutional rights to trial by jury, to confront one's accusers, and against compulsory self-incrimination when a plea of guilty is entered; thus, contention of defendant that failure of trial court to advise him of these rights constitutes reversible error is without merit where defendant did not contend that he was unaware of these rights and the lower court record contained an express waiver of jury trial signed by defendant and his counsel.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 October 27, 1970, at Lansing. (Docket No. 8310.) Decided December 4, 1970.

Tyrone McClendon was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Richard M. Lustig,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 219, 333 *et seq.*
Sufficiency of waiver of full jury. 93 ALR2d 410.

Before: McGregor, P. J., and Bronson and Danhof, JJ.

Per Curiam. Defendant was charged with murder in the first degree and after a preliminary examination, with the assistance of counsel, on January 9, 1969, he was held for trial. On July 23, 1969, he tendered a plea of guilty to murder in the second degree which was accepted by the court. On July 31, 1969, he was sentenced to a term of life imprisonment by Judge Robert J. Colombo of the recorder's court. Subsequently the lower court granted defendant's petition for court-appointed appellate counsel. A timely claim of appeal was thereafter filed and was grounded on the contention that the lower court erred in accepting the plea, having failed to advise defendant of his right to trial by jury, his right against compulsory self-incrimination, and his right to confront his accusers. In short, it is contended that the lower court erred in failing to follow the recent decision of the United States Supreme Court in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). The people have filed a motion to affirm the conviction.

First it is to be noted that the defendant does not contend that he was unaware of his right to trial by jury, his right against compulsory self-incrimination, and his right to confront his accusers. The lower court record contains an express waiver of jury trial signed by the defendant and his counsel. Thus, it is defendant's contention that the failure of the lower court to advise him of these rights, nevertheless constitutes reversible error. This Court has recently noted that the *Boykin* decision is "devoid of any specific language stating that in order to have a valid waiver of the three federal constitutional rights involved when a plea of guilty is entered, the

three rights must be specifically enumerated and specifically waived. If the United States Supreme Court had intended such a holding, it would have been easy for the record to have so stated." *People v. Jaworski* (1970), 25 Mich App 540. The motion to affirm is granted.