PEOPLE *v.* NIEBEL

1. Criminal Law—Plea of Guilty—Arraignment Defects—Waiver.

A plea of guilty effectively waives any defects in the defendant's arraignment proceedings.

2. Criminal Law—Plea of Guilty—Warning of Rights.

A defendant who understandingly and voluntarily pleads guilty need not be informed of his constitutional privilege against self-incrimination before the trial court accepts the guilty plea.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 April 7, 1971, at Lansing. (Docket No. 9630.) Decided April 28, 1971.

Lance D. Niebel was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*John H. Kingsepp,* for defendant on appeal.

Before: Quinn, P. J., and R. B. Burns and McGregor, JJ.

---

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 495.

PER CURIAM. On March 19, 1970, defendant, represented by counsel, pled guilty to larceny in a building. CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

On appeal defendant raises two assignments of error:

(1) that the magistrate abused his discretion in binding defendant over, and

(2) that the requirements of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) were not met because the trial court did not inform him of his privilege against self-incrimination before accepting the plea.

With regard to the defendant's first assignment of error, it is well-established that a defendant, by electing to plead guilty, effectively waives defects in the arraignment proceedings. *People* v. *Patton* (1970), 25 Mich App 713; *People* v. *Bess* (1968), 11 Mich App 109; *People* v. *Robbins* (1967), 6 Mich App 633.

Defendant's second assignment of error is also without merit. Since the record in the instant case shows that defendant's plea was understandingly and voluntarily made, it was not necessary that the defendant be informed of his privilege against self-incrimination before his plea was accepted. *People* v. *Jaworski* (1970), 25 Mich App 540, *leave to appeal granted,* 384 Mich 766; see also *People* v. *Sepulvado* (1970), 27 Mich App 66; *People* v. *Malcom* (1970), 27 Mich App 205.

Conviction affirmed.