PEOPLE v. JACKSON

1. CRIMINAL LAW—PLEA OF GUILTY—ENUMERATION OF RIGHTS.

A trial judge need not expressly advise a guilty-pleading defendant that he has a constitutional right to confront his accusers and a constitutional privilege against self-incrimination in order to make the defendant's plea voluntary.

2. ROBBERY—ARMED ROBBERY—PROBATION—JUDICIAL ADVICE.

Trial judge's advising a defendant that a conviction of armed robbery would preclude consideration for probation did not mislead the defendant into pleading guilty of a lesser offense where, during the court's examination of the defendant, defendant admitted that during the perpetration of the crime, he sustained gunshot wounds inflicted by both the victim and the arresting police officer and where the defendant does not contend on appeal that an aggravated assault or serious injury did not occur during the commission of the crime (MCLA § 750.529).

Appeal from Recorder's Court for the City of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 16, 1971, at Grand Rapids. (Docket No. 10193.) Decided April 29, 1971.

Robert Jackson was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. The people's motion to affirm granted.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 485 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Joel M. Shere,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM.   Defendant was charged with robbery armed contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).   With the assistance of court-appointed trial counsel defendant tendered a plea of guilty to the included offense of assault with intent to rob being armed, contrary to MCLA § 750-.89 (Stat Ann 1962 Rev § 28.284).   On August 3, 1970, he was sentenced to a term of 15 to 30 years imprisonment by Judge George W. Crockett, Jr., of the Recorder's Court.   With the assistance of court-appointed appellate counsel, a timely claim of appeal has been filed and grounded on two allegations of error.   First, it is contended that the lower court erred in failing to advise the defendant of his constitutional right to confront his accusers and of his constitutional privilege not to be compelled to be a witness against himself.   Second, it is contended that the lower court erred in advising the defendant that a conviction on the original charge of robbery armed would preclude the possibility of probation. The people have filed a motion to affirm the conviction and sentence.

The defendant cites the case of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), in support of his contention that the lower court proceedings are fatally defective, the trial judge

having failed to expressly advise him of his constitutional right to confrontation and his privilege against self-incrimination. This Court has previously recognized that the decision in *Boykin, supra,* does not impose upon the trial judge the affirmative duty to expressly advise the defendant of the two aforementioned rights. *People* v. *Jaworski* (1970), 25 Mich App 540, *leave to appeal granted* 384 Mich 766; *People* v. *Sepulvado* (1970), 27 Mich App 66; *People* v. *Malcom* (1970), 27 Mich App 205; *People* v. *McClendon* (1970), 28 Mich App 483; *People* v. *Miles* (1970), 28 Mich App 562.

Defendant's second contention is that the lower court erred in advising the defendant that a conviction on the original charge of robbery armed would preclude consideration for probation. Defendant points out that the robbery armed statute eliminates the possibility of probation only in those cases where "aggravated assault or serious injury is inflicted by any person while committing an armed robbery  *  *  * ". It is argued that there is no evidence that an aggravated assault or serious injury occurred during the perpetration of this crime, thus, the trial court misled the defendant. This issue is without merit on two grounds. During the trial court's examination of the defendant it was admitted that during the perpetration of the crime, he sustained gunshot wounds inflicted both by the victim and by the arresting police officers. More importantly, the defendant does not now contend that an aggravated assault or serious injury did not occur during the commission of the crime.

The motion to affirm is granted.