PEOPLE *v.* PATTON

CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION—DEFECTS—WAIVER.
  A defendant, by electing to plead guilty, effectively waives all defects in arraignment proceedings and the trial court did not err in accepting a plea of guilty without having the preliminary examination transcript in the court file where defendant, represented by counsel, entered a waiver.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 July 7, 1970, at Grand Rapids. (Docket No. 9,077.) Decided August 4, 1970.

Richard Lewis Patton was convicted of possession of a narcotic drug without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant Richard Lewis Patton pleaded guilty to possession of a narcotic drug con-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484–496.

trary to MCLA § 335.153 (Stat Ann 1957 Rev § 18-.1123). On appeal, defendant contends that the trial court erred in accepting his guilty plea without having the preliminary examination transcript in the court file, even though defendant, represented by counsel, entered a waiver thereof. Defendant also argues that the trial court failed to question him in sufficient detail before accepting his guilty plea. The appellee has filed a motion to affirm the conviction, GCR 1963, 817.5(3).

It is well established that defendant, by electing to plead guilty, effectively waives all defects in the arraignment proceeding. *People* v. *Robbins* (1967), 6 Mich App 633; *People* v. *Bess* (1968), 11 Mich App 109. A review of the plea and sentencing transcripts reveals that the trial court fully complied with the requirements of GCR 1963, 785.3 and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058). The questions presented here on appeal are unsubstantial and require no argument or formal submission.

The motion to affirm the defendant's conviction is granted.